BROSKY, Judge.
 

 The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed by the trial court following appellee Norman Mayes’ January 7, 1993 bench trial convictions of possession of a controlled substance (crack cocaine)
 
 [1]
 
 and possession with intent to deliver a controlled substance (crack cocaine).
 
 [2]
 

 The following facts in the instant case were summarized in the January 28, 1994 trial court opinion of the Honorable D. Webster Keogh of the Court of Common Pleas of Philadelphia County.
 

 On June 24,1992, at approximately 7:55 p.m., while working plainclothes in an unmarked vehicle, Philadelphia Police Officers observed the defendant[-appellee] in the 3100 block of Oakdale Street. He was engaged in a conversation with an unidentified black male when he reached down the front of his pants and removed a clear sandwich bag filled with numerous black-capped vials. At that time he attempted to hand a vial to the unknown male who in exchange had U.S. currency in his hand. Suddenly, someone yelled “5-0” (street term for police) and [appellee] immediately put the bag back in his pants and walked eastbound on Oakdale Street.
 

 
 *3
 
 The Officers exited their vehicle and stopped [appellee] for investigation at which time they recovered a clear plastic sandwich bag containing sixty-eight (68) clear plastic vials containing an off-white chunky substance with black caps. Also retrieved was $110 U.S. currency in assorted denominations. [Appellee] was subsequently arrested. The total weight of the Crack Cocaine [taken from appellee] was 2.34 grams.
 

 Trial Court Opinion, 1/28/94 at 1-2.
 

 The single criminal complaint filed against appellee stated that appellee possessed and/or possessed with intent to deliver sixty-eight vials of cocaine (with an
 
 approximate
 
 weight of 3.4 grams).
 
 [3]
 
 The complaint did not differentiate between possession and possession with intent to deliver; the sixty-eight vials applied equally to each charge. As mentioned in the trial court opinion,
 
 supra,
 
 the trial court determined at trial that when appellee was arrested in the instant case he possessed 68 vials of crack cocaine (the total weight of the crack cocaine in all of the vials was 2.34 grams). The trial court stated that it found appellee guilty of possession with intent to deliver. N.T., 1/7/93, at 94. Appellee’s counsel then asked the trial court if he could present evidence regarding the portion of the 2.34 grams of crack cocaine that appellee intended to utilize to satisfy his own drug habit [appellee’s counsel stated that he felt it important to raise the issue since if all 2.34 grams were to be considered to have been for sale by appellee then appellee would have been subject to the mandatory minimum sentence at 18 Pa.C.S. § 7508(a)(3)(i)
 
 [4]
 
 ]. The trial court stated, “I will give it a deferred date of February 11[, 1993].”
 
 Id.
 
 at 95. There was no hearing held on February 11, 1993.
 

 
 *4
 
 On June 1,1993, after the trial court denied appellee’s post-trial motions,
 
 [5]
 
 appellee’s sentencing hearing began. Appellee’s counsel stated that he did not intend to present any evidence regarding the amount of crack cocaine that appellee intended only for his personal use; counsel would only present argument. Defense counsel then referred to evidence adduced at trial indicating that at one time appellee was a user of crack cocaine; counsel asked the trial court to consider finding that a portion of the 2.34 grams was for personal use. Counsel stated that he believed that appellee did not deserve the imposition of a mandatory minimum sentence, but, even if one was imposed the trial court should consider incarcerating appellee in a county prison rather than a state prison since (a) appellee had no prior criminal record and had a good employment record; and, (b) appellee had previously given testimony in a murder prosecution, his testimony helped convict that defendant, that defendant and his friends were incarcerated in various state prisons, and, if appellee was to be sent to a state prison (after receiving a mandatory minimum sentence), as opposed to a county prison, then his life could have been endangered. The trial court stated that it still believed that appellee was guilty of possession and possession with intent to deliver cocaine. The trial court then stated that,
 

 I find as a fact that ... you were a user as well as [a seller of cocaine].
 

 I further find as a matter of fact neither beyond a reasonable doubt nor beyond a preponderance that the amount which was possessed with the intent to deliver was necessarily in excess of two grams.
 

 N.T., 6/1/93, at 22. The trial court stated that it was relying upon testimony presented at trial.
 
 [6]
 
 The trial court then
 
 *5
 
 indicated that it was not going to apply the mandatory minimum sentence at 18 Pa.C.S. § 7508(a)(3)(i). The trial court then proceeded to sentence appellee on the possession with intent to deliver conviction to a term of imprisonment of eight to twenty-three months, followed by a consecutive three year period of probation.
 
 [7]
 
 The Commonwealth then filed the instant appeal, raising the following issue:
 

 Did the sentencing court err when, despite having convicted defendant of possession of more than two grams of cocaine with intent to deliver, it reconsidered its verdict in order to avoid imposing the mandatory minimum sentence required under 18 Pa.C.S.A. § 7508(a)(3)®?
 

 
 *6
 
 Commonwealth’s Brief at 3. We vacate the judgment of sentence of the trial court and remand for resentencing consistent with the directives contained in this Opinion.
 

 When applying the mandatory sentencing provision at 18 Pa.C.S. § 7508(a)(3)(i) the trial court must wait until the sentencing phase of trial. 18 Pa.C.S. § 75080b) states,
 

 Proof of sentencing.
 
 — Provisions
 
 of this section
 
 [18 Pa.C.S. § 7508]
 
 shall not be an element of the crime
 
 [35 P.S. § 780-113(a)(30) (possession with intent to deliver a controlled substance) in the instant case].
 
 [8]
 
 Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth’s intention to proceed under this section shall be provided after conviction and before sentencing [the Commonwealth provided reasonable notice to appellee in the instant case].
 
 The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.
 
 [Emphasis added.]
 

 Id.
 
 If our Court finds that § 7508 was applicable and the trial court refused to apply the section, then we must vacate the sentence and remand the case to the trial court for the imposition of a sentence in accordance with § 7508. 18 Pa. C.S. § 7508(d).
 

 Our Court, in
 
 Commonwealth v. Jones,
 
 413 Pa.Super. 482, 605 A.2d 825 (1992), held that if a defendant is convicted of possession with intent to deliver cocaine, when that defendant is subsequently sentenced the trial court need only determine, pursuant to its application of 18 Pa.C.S. § 7508 [ (a)(3)(i) ], “whether the Commonwealth established by a preponderance of the evidence that cocaine which [the defendant] possessed
 
 *7
 
 weighed at least [2.0] grams and less than [ten grams].”
 
 Id.
 
 at 486-87, 605 A.2d at 827. In the instant case the uncontroverted evidence introduced at trial and at sentencing revealed that appellee possessed 2.34 grams of crack cocaine (the evidence adduced at trial showed that appellee attempted to sell a portion of the crack cocaine, and, appellee introduced evidence that indicated that three years prior to trial he was a user of crack cocaine
 
 [9]
 
 ). The trial court convicted appellee of possession of crack cocaine, and, possession with intent to deliver crack cocaine. “Once a party is found guilty, the adjudicated elements of the offense must be fully considered and cannot be disregarded when fashioning a sentence. The sentencing court is not allowed to rewrite the script.”
 
 Id.
 
 at 487, 605 A.2d at 828. At sentencing, the trial court cannot reassess facts determined prior to a finding of guilt of possession with intent to deliver a controlled substance.
 
 Commonwealth v. Jones, supra.
 
 At the sentencing phase of appellee’s trial his previous conviction of possession with intent to deliver crack cocaine [35 P.S. § 780-113(a)(30) ] was a
 
 fait accompli.
 
 At trial the Commonwealth established, and the trial court found, that the amount of crack cocaine possessed by appellee was 2.34 grams. When the trial court (at the conclusion of the trial) convicted appellee of possession, and, possession with intent to deliver crack cocaine, and determined that the amount possessed was 2.34 grams, the trial court did not state that a portion of those grams were possessed by appellee for personal consumption and a portion for delivery to another (the finding of 2.34 grams was applied equally to both convictions). At that point appellee’s counsel asked if he could present evidence to show what portion of crack cocaine was possessed by appellee for his personal use. The trial court planned a hearing for February 11, 1993 but due to defense counsel’s unavailability no hearing was ever held. The issue
 
 *8
 
 was not raised on post-trial motions and the sentencing hearing began.
 
 [10]
 
 As mentioned,
 
 supra,
 
 defense counsel then stated that he would not present any evidence regarding the alleged amount of crack cocaine that appellee purportedly intended for his personal use. Defense counsel simply referred to defense witness Lisa Buchanan’s trial testimony, wherein she testified that she had observed appellee smoke crack cocaine three years prior to trial, and, that she had purchased up to one-hundred vials of crack cocaine, in one transaction, for her own personal use. The amount of crack cocaine seized from appellee (established at 2.34 grams at trial) was not in dispute at the sentencing hearing. However, at the sentencing hearing the trial court then decided that appellee was a user as well as a seller of crack cocaine, and, arbitrarily and improperly determined that appellee did not possess with intent to deliver at least 2.0 grams of crack cocaine.
 
 [11]
 

 
 *9
 
 In the instant case, since it was determined at trial that appellee was guilty of possession with intent to deliver (as well as possession), there was no finding at trial that a specific portion of the crack cocaine was intended for appellee’s personal use, and, the amount clearly determined (at trial and at sentencing) to be possessed was 2.34 grams of crack cocaine, the trial court erred in refusing to apply 18 Pa.C.S. § 7508(a)(3)(i).
 
 [12]
 

 Commonwealth v. Jones, supra;
 
 18 Pa.C.S. §§ 7508(b), 7508(d).
 
 [13]
 
 Once appellee was convicted of possession with intent to deliver, and the trial court had not previously found that not all of the crack cocaine was possessed with intent to deliver, the trial court at the sentencing hearing was only permitted to determine whether the Commonwealth had established (either at trial and/or at the sentencing hearing) by a preponderance of the evidence that the crack cocaine possessed weighed at least 2.0 grams and less than 10 grams for the mandatory sentence to be imposed.
 
 Commonwealth v. Jones, supra;
 
 18 Pa.C.S. § 7508(b). The Commonwealth clearly met that burden since the weight of 2.34 grams was established at trial and not challenged at sentencing. In such a situation the trial court has no choice but to apply § 7508; it cannot proceed to reevaluate the facts (i.e., that appellee possessed sixty-eight vials of crack cocaine with a combined weight of 2.34 grams of crack cocaine) it determined at trial when it found appellee guilty of possession with intent to
 
 *10
 
 deliver. Since the trial court failed to apply § 7508 we must vacate appellee’s sentence and remand this case for resentencing in accordance with that mandated by 18 Pa.C.S. § 7508(a)(3)®.
 

 Judgment of sentence vacated and case remanded for resentencing in accordance with this Opinion. Jurisdiction relinquished.
 

 [1]
 

 . 35 P.S. § 780-113(a)(16).
 

 [2]
 

 . 35 P.S. § 780-113(a)(30).
 

 [3]
 

 . It is unclear why the complaint stated 3.4 grams instead of 2.34 grams.
 

 [4]
 

 . 18 Pa.C.S. § 7508(a)(3)(i) states, in pertinent part, that if a defendant is convicted of possession with intent to deliver at least 2.0 grams and less than ten grams of cocaine, then that defendant shall be sentenced to a mandatory minimum term of imprisonment of at least one year and a fine of at least $5,000.
 

 [5]
 

 . The issues raised on post-trial motions were that the evidence was insufficient to find appellee guilty of possession with intent to deliver, and, physical evidence should have been suppressed.
 

 [6]
 

 . At trial, defense witness Lisa Buchanan, a user of cocaine, was qualified as an expert witness “in the field of narcotics packaging, use and purchasing.” N.T., 1/7/93, at 75. She testified that possession of sixty-eight vials of crack cocaine (as appellee possessed when arrested) would not necessarily indicate that the possessor intended to sell or
 
 *5
 
 deliver the cocaine.
 
 Id.
 
 at 80. She stated that at times she had purchased one-hundred vials for her own use; the purchase of such a large amount was intended to reduce the frequency of excursions to purchase vials from different dealers.
 
 Id.
 
 at 82. She also testified that appellee was a user of crack-cocaine, but that the last time that she had seen him smoke crack-cocaine was three years prior to his trial.
 
 Id.
 
 at 87.
 

 Appellee did not testify, and the only evidence introduced regarding his usage of crack cocaine came from defense witness Lisa Buchanan, who, as mentioned,
 
 supra,
 
 testified that she had seen him smoke the substance three years prior to trial. Appellee introduced no evidence regarding the amount of crack cocaine that he allegedly normally used.
 

 In contrast, Philadelphia Police Officer Kevin Beckett, who was qualified as the Commonwealth’s expert on narcotics investigation, packaging, sales and distribution, testified at trial that the sixty-eight vials of crack cocaine seized from appellee were possessed with the intent to deliver; Officer Beckett stated that if appellee had intended to use the cocaine for personal use he could have obtained it for less money by purchasing it in bulk form rather than in individual vials. Officer Beckett further testified that the total weight of crack cocaine found in all of the vials amounted to 2.34 grams.
 
 Id.
 
 at 40. Beckett testified that even the heaviest of crack cocaine users could only consume fifteen to twenty vials of the substance in one twenty-four hour period.
 

 We note that Officer Beckett’s testimony, regarding whether appellee’s possession of sixty-eight vials of crack cocaine was dispositive of whether appellee possessed the cocaine with intent to deliver, was unnecessary to a finding of guilt of that charge. Appellee was caught attempting to sell a vial to another man: That fact alone was sufficient to convict appellee of possession with intent to deliver.
 

 [7]
 

 . The trial court did not impose a sentence for the possession of cocaine conviction.
 

 [8]
 

 . While the quantity of drugs possessed is not irrelevant in determining whether a defendant possessed with intent to deliver a controlled substance (the quantity, if large enough, could help convict a defendant of that crime), quantity is not an element of the crime of possession with intent to deliver a controlled substance.
 

 [9]
 

 . Although appellee was obviously attempting to establish that he was still a user of crack cocaine at the time of his arrest, no evidence was presented to demonstrate that fact; appellee’s trial counsel simply argued to the trial court that appellee was a crack cocaine user at the time of his arrest.
 

 [10]
 

 . At this point, pursuant to
 
 Commonwealth v. Jones, supra,
 
 it was too late for the trial court to reassess facts it determined prior to its finding that appellee was guilty of possession with intent to deliver (the relevant facts were that appellee possessed sixty-eight vials of crack cocaine with a combined weight, exclusive of the vials themselves, of 2.34 grams).
 

 [11]
 

 . The trial court's finding was arbitrary and without foundation since there was no evidence introduced showing that appellee was a crack cocaine user at the time of his arrest, and, there was no evidence introduced showing appellee’s average usage during a given time peri- ' od: The trial court simply had no basis for concluding that appellee did not possess with intent to deliver 2.34 grams since the uncontroverted evidence adduced at the trial and at the sentencing hearing showed that amount to have been possessed by appellee when he was arrested, appellee was convicted of that crime, and,, appellee did not demonstrate, at any phase of his trial (during the trial itself or at his sentencing hearing), that any portion of the 2.34 grams was for his personal use. As mentioned,
 
 supra,
 
 appellee would have had to demonstrate at trial, and the trial court would have had to have determined prior to a finding of guilt of possession with intent to deliver, that a specific portion of the crack cocaine was intended for appellee’s personal use. The trial court could have determined, after hearing evidence presented by appellee, that a certain number of the vials (or in another case, for example, one of three packets of cocaine) were intended for his personal use. If the weight of specific portions of the drugs was not determined at trial, then the Commonwealth could prove that weight by a preponderance of the evidence at sentencing (in order for 18 Pa.C.S. § 7508 to apply).
 

 [12]
 

 . Since appellee possessed with intent to deliver at least 2.0 grams and less than 10 grams of crack cocaine the trial court was mandated to sentence appellee to a mandatory minimum term of imprisonment of at least one year and a fine of at least $5,000. 18 Pa.C.S. § 7508(a)(3)(i).
 

 [13]
 

 . After reaching our decision in this case, we note that we concur with our Court’s comment in
 
 Commonwealth v. Jones, supra,
 
 wherein that panel stated, "In rendering our decision today, we recognize that sentencing judges are sometimes faced with the task of imposing a mandatory sentence which seems unduly harsh under the circumstances. However, we remind them that the Legislature has seen fit to mandate certain minimum sentences, and they have no discretion to impose a lesser penalty, despite apparent inequity in the sentence.’’
 
 Id.
 
 413 Pa.Super. at 487-88, n. 7, 605 A.2d at 828, n. 7. While the evidence presented in the instant case does not suggest that it might be unfair to impose the sentence mandated by § 7508, other cases may arise wherein the sentencing court recognizes mitigating circumstances
 
 *10
 
 but may not be permitted to let them impact the mandatory minimum sentence.