651 A.2d 171

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas CARROLL, Appellee.**

Superior Court of Pennsylvania.

Argued March 29, 1994.

Filed Nov. 3, 1994.

Reargument Denied Jan. 11, 1995.

56

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Peter Rosalsky, Asst. Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

Thomas Carroll was tried non-jury and was found guilty of possession of a controlled substance, i.e., heroin, and possession thereof with intent to deliver.[1] Post-trial motions were denied, and Carroll was sentenced to serve a term of imprisonment for not less than five (5) months nor more than twelve (12) months, plus a concurrent period of probation for sixty (60) months. A petition by the Commonwealth to reconsider the sentence was denied, and this appeal followed. The Commonwealth contends that the sentencing court erred by refusing to impose the mandatory sentence of imprisonment required by 18 Pa.C.S. § 7508(a)(2)(i). After careful review,

---

1. See: The Controlled Substance, Drug, Device and Cosmetic Act, April 14, 1972, P.L. 233, § 13, (a)(16) and (a)(30), as amended, 35 P.S. § 780–113(a)(16) & (a)(30).

we find no error; and, therefore, we affirm the judgment of sentence.

On September 13, 1991, Philadelphia police observed a vehicle which was parked partially on the sidewalk on North Darien Street. When they stopped to investigate, they saw Carroll throw a brown paper bag from the front window on the passenger's side of the vehicle. They retrieved the bag and found that it contained seventy-nine glassine packets, later determined to contain heroin. A search of Carroll's person uncovered two additional packets of heroin in his wallet. The total amount of heroin recovered was 2.7 grams.

At trial, the Commonwealth offered the testimony of the arresting officers and an expert witness who said that the quantity and packaging of the heroin were consistent with possession for the purpose of distributing it to others. The trial court made a general finding that Carroll was guilty of both possession and possession with intent to deliver heroin. There was neither evidence nor a request for a finding regarding the amount of heroin possessed for personal use and the amount intended to be delivered.[2]

At the sentencing hearing, evidence was presented that Carroll had a twenty-five year history of heroin abuse and that he used approximately forty ($40) dollars worth of heroin per day. Also admitted into evidence without objection were a pre-sentence report and the results of a mental health examination. These disclosed that in 1991 Carroll was addicted to both heroin and cocaine and was using heroin twice a day. The sentencing court found from a preponderance of the evidence that less than 2.0 grams of heroin had been intended for delivery to others and that the remainder had been possessed for personal use. Because the amount intended for delivery was less than 2.0 grams, the court did not impose the mandatory minimum sentence specified in 18 Pa.C.S. § 7508(a)(2)(i).

2. The averments of the information were also general and did not refer to the amount of heroin which Carroll had in his possession.

■ The Commonwealth appealed. It argues that 18 Pa. C.S. § 7508(a)(2)(i) requires the court to impose a minimum sentence of two years and a fine of at least $5,000 because appellee was convicted for possession with intent to deliver and because the weight of the heroin found in appellee's possession was greater than 2.0 grams.

Heroin is a schedule I controlled substance. The statute provides with respect thereto that

(2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; two years in prison and a fine of $5,000. . . .

18 Pa.C.S. § 7508(a)(2)(i).

■ Where a minimum sentence is statutorily mandated, a sentencing court lacks the authority to impose a sentence less severe than dictated by the legislature. *Commonwealth v. Green*, 406 Pa.Super. 120, 123, 593 A.2d 899, 900 (1991). Moreover, a sentencing court may not reassess the facts upon which it previously relied to establish guilt. *Commonwealth v. Jones*, 413 Pa.Super. 482, 487, 605 A.2d 825, 828 (1992), *allocatur denied*, 531 Pa. 652, 613 A.2d 557 (1992). However, before imposing a mandatory minimum sentence, a sentencing court must determine whether the offense for which the defendant was convicted falls within the parameters of the sentencing scheme. This requires a separate determination by the sentencing court. At 18 Pa.C.S. § 7508(b), the legislature established that the provisions of the mandatory sentence section

shall not be an element of the crime.... The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

In the instant case, additional evidence was offered at the sentencing hearing, and from this evidence the court determined that the amount of heroin in Carroll's possession which was intended for delivery to others was less than 2.0 grams. By a preponderance of the evidence, therefore, the court found that the statutory section imposing a mandatory sentence was inapplicable. A review of the record leaves no doubt that the finding of the sentencing court is supported by the evidence.

The decision of a panel of the Superior Court in *Commonwealth v. Mayes*, 436 Pa.Super. 1, 647 A.2d 212 (1994), does not compel a different result. In that case, the defendant had been charged with possession and possession with intent to deliver cocaine in the amount of 2.34 grams. After a non-jury trial, the trial court entered a general verdict in which it found the defendant guilty on both counts. Subsequently, the defense requested an opportunity to present evidence as to the amount of cocaine which had been intended to satisfy the defendant's own drug habit. Although the trial court granted the request, no such evidence was presented. At sentencing the defense argued that the mandatory minimum sentence under 18 Pa.C.S. § 7508(a)(3)(i) did not apply because of trial testimony that the defendant had been seen using drugs over three years prior to his arrest. No evidence was presented, however, as to the extent or nature of the defendant's drug habit at the time of his arrest. Despite the lack of evidence regarding cocaine use by the defendant, the trial court held that some of the narcotics had been for the defendant's personal use and that, therefore, the mandatory sentence did not apply. On appeal, the Superior Court vacated the sentence and remanded for a sentence which conformed to the mandatory minimum. The Court said:

[T]here was no evidence introduced showing that appellee was a crack cocaine user at the time of his arrest, and, there was no evidence introduced showing appellee's average usage during a given time period: The trial court simply had no basis for concluding that appellee did not possess with intent to deliver 2.34 grams since the uncontroverted evidence adduced at the trial and at the sentencing hearing showed that amount to have been possessed by appellee when he was arrested, appellee was convicted of that crime, and, *appellee did not demonstrate, at any phase of his trial (during the trial itself or at his sentencing hearing), that any portion of the 2.34 grams was for his personal use.* As mentioned, *supra,* appellee would have had to demonstrate at trial, and the trial court would have had to have determined prior to a finding of guilt of possession with intent to deliver, that a specific portion of the crack cocaine was intended for appellee's personal use. The trial court could have determined, after hearing evidence presented by appellee, that a certain number of the [narcotics] ... were intended for his personal use.

*Id.* at 8 n. 11, 647 A.2d at 216 n. 11 (emphasis added). Because no evidence had been presented, either at trial or at the time of sentencing, to establish that the defendant had intended to use any portion of the cocaine to satisfy his own habit, the Court held that the mandatory minimum sentence must be applied.

In the case sub judice, there was nothing in the evidence at trial or in the findings of the trial court which determined the amount of heroin which Carroll had intended for personal use. Therefore, the sentencing court received additional evidence to assist it in determining whether a mandatory minimum sentence should apply. This was not merely proper; it was mandated by statute. In addition to evidence that Carroll used forty dollars worth of heroin per day,[3] the evidence was that he was severely underweight, in poor health and had been admitted to the Veteran's Administration Hospital in Coatesville for treatment as an addict. Indeed, the sentencing court

3. He also used twenty dollars worth of cocaine each day.

observed that appellee's habit was such that he readily could have consumed himself all of the heroin found in his possession.

This is not a case in which the trial court has reconsidered its verdict or reassessed the evidence. See: *Commonwealth v. Jones, supra*. Appellee's conviction for possession with intent to deliver has not been altered. Pursuant to 18 Pa.C.S. § 7508(b), however, it was appropriate for the trial court to determine at sentencing whether the amount of narcotics which appellee intended for delivery equalled or exceeded that which made applicable the mandatory sentence provision of the statute. In following the statute and making a factual determination according to a preponderance of the evidence, the court did not err.

The judgment of sentence is affirmed.

OLSZEWSKI, J., files a concurring opinion.

OLSZEWSKI, Judge, concurring.

The defendant in *Commonwealth v. Jones*, 413 Pa.Super. 482, 605 A.2d 825, *alloc. denied*, 531 Pa. 652, 613 A.2d 557 (1992), like Thomas Carroll, was convicted of both possession of a controlled substance and possession with intent to deliver. The subsequent facts of *Jones* differ significantly from those of the instant case, however. The trial court in *Jones* decided after conviction to alter its factual findings, declaring that some of the drugs had not actually been possessed. In the instant case, the trial court made *additional* findings of fact during the sentencing phase.

We declared in *Jones* that when applying the mandatory sentencing guidelines to the crime of possession with intent to deliver, the sentencing court need only consider the quantity of drugs possessed. *Id.* at 485, 605 A.2d at 827. Because this rule of law may appear to conflict with the rule ordered by the Court today, I write separately only to note that the rule in *Jones* applies to a factual situation much different than the one we consider today.