675 A.2d 343

**COMMONWEALTH of Pennsylvania**

v.

**William GLENN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1995.

Filed April 25, 1996.

132

Peter Rosalsky, Philadelphia, for appellant.

Tracey Rible, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

DEL SOLE, Judge:

Following a bench trial, William Glenn was convicted of possession of 2.34 grams of cocaine, possession with intent to deliver cocaine, and carrying a firearm without a license in a vehicle. A motion for new trial and/or for arrest of judgment was denied. Appellant was sentenced to a term of imprisonment of not less than 3 years nor more than 6 years pursuant

to the mandatory minimum sentencing provisions of 18 Pa. C.S.A. 7508(a)(3)(i).[1] Appellant timely filed the instant appeal.

The trial court summarized the facts as follows:

Basically, Philadelphia Police Officer O'Connor testified that on January 3, 1993, at 1:10 a.m., he stopped William Glenn for a speeding violation at 48th and Sansom. (N.T. 5/6/94, p. 21). As Officer O'Connor approached the vehicle, he observed Glenn pulling his hand from his pocket. The officer then observed a silver object in Glenn's hand. The officer, with the aid of a flashlight identified the silver object as a gun. (N.T. 5/6/94, p. 22). O'Connor immediately placed the defendant under arrest.

In the search incident to the defendant's arrest, O'Connor found a brown paper bag which contained a Newport cigarette pack. Inside the cigarette pack was 35 vials of cocaine all sealed with pink caps. (N.T. 5/6/94, p. 22).

The Commonwealth offered testimony from Officer Brennan of the Philadelphia Police Department, Narcotics Unit. Officer Brennan testified that the 35 vials were all "heavy, five-dollar vials." Furthermore, the vials were packaged together, without the presence of smoking paraphernalia, and the defendant was armed and in possession of currency consistent with recent sales.

Taking all these factors into consideration, Officer Brennan opined that the narcotics were possessed with intent to deliver, and not possessed for personal use.

The Court, acting as the trier of fact, found Officer Brennan to be a credible witness, and subsequently determined that the defendant possessed all 2.34 grams of cocaine with the intent to distribute. (N.T. 5/6/94, p. 36; p. 40).

Trial ct. op. filed 6–6–95 at 2–3.

 Appellant initially argues that the trial court erred by curtailing confrontation and cross-examination of a Commonwealth expert witness. It is well settled that the scope

---

1. Appellant was previously convicted of a drug trafficking offense which increased the mandatory sentence from one to three years imprisonment.

and the limits of cross-examination are within the trial court's discretion, and the trial court's ruling with regard to the limits of cross-examination will not be reversed absent a clear abuse of that discretion or an error of law. *Commonwealth v. Birch*, 532 Pa. 563, 616 A.2d 977 (1992).

Officer Brennan of the Philadelphia Police Department was qualified as an expert for the Commonwealth in the area of narcotics use, distribution, packaging and sales. Officer Brennan opined that because Appellant had in his possession 35 vials of heavy, five-dollar vials, packaged together, without the usual paraphernalia of crack smokers, with a gun and $114.00 in small bills, Appellant possessed the drugs with the intent to deliver.

To challenge the Commonwealth's expert opinion, the defense strategy was to present the testimony of other drug experts whose opinions contradict the conclusions of Officer Brennan. The defense obtained the prior sworn testimony from other criminal proceedings of Philadelphia Police Officers Morrone and King who have been qualified as drug experts. The defense claims that Officer Morrone testified previously that the demarcation line between simple possession and possession with intent to deliver was about 35 one hundred milligram vials, and that a heavy user could use 30 fifty-five milligram vials in about eight hours. He also contends that Officer King testified in other proceedings that a heavy user could easily use 25 vials (of unspecified weight) in a day or two.

Appellant argues that the proposed presentation of the Morrone/King expert testimony does not present a hearsay concern because the testimony was not presented for the substantive use of proving the matter asserted. The testimony was only presented for use as a confrontation device to challenge the opinion of Officer Brennan. Appellant further contends the fact that he presented his own defense drug expert, Michael Perrone, does not vitiate the harm caused by the trial court's refusal to allow him to present the Morrone/King transcripts because the Commonwealth vigorously cross-examined the defense drug expert as a "hired gun".

Appellant posits that it was crucial for the defense to confront Officer Brennan with the expert testimony of Officers Morrone and King since they are fellow police officers of Officer Brennan and would not have a bias towards the defense. Appellant also claims that he merely wanted to confront Officer Brennan with an adverse expert witness with apparent inconsistent standards used by other acknowledged experts.

Appellant acknowledges that no precedent exist to bolster this novel contention. Nevertheless, he argues that the proposed presentation of prior sworn testimony of expert witnesses from different proceedings for cross-examination should be analogized to the cross-examination of expert witnesses with learned treatises. It is undisputed that the prior recorded testimony of Officers Morrone and King in other cases would not be considered a learned treatise. But, Appellant posits that the same policies underlying the use of learned treatises in cross-examining expert witnesses applies to the circumstances in the case before us. In *Commonwealth v. Jackson*, 401 Pa.Super. 258, 585 A.2d 36 (1991), we stated:

Under Pennsylvania law, and in common usage as well, treatises are systematic expositions in writing including methodical discussion of facts and principles. Learned treatises are highly reliable because they are written for professionals, they are subject to scrutiny and testing by experts in the field, and the writers are unlikely to be partial with regard to any specific litigation. *See, e.g.*, Packel & Poulin, *Pa. Evidence* § 803.18 (1987); *Webster's New College Dictionary* (1980 Ed.).

*Id.* at 265, 585 A.2d at 39.

Appellant cites *Majdic v. Cincinnati Machine Co.*, 370 Pa.Super. 611, 537 A.2d 334 (1988), wherein this court commented:

The law in this Commonwealth is well settled that an expert witness may be cross-examined on the contents of a publication upon which he or she has relied in forming an opinion, and also with respect to any other publication which the expert acknowledges to be a standard work in the field. In

such cases, the publication or literature is not admitted for the truth of the matter asserted, but only to challenge the credibility of the witnesses' opinion and the weight to be accorded thereto. Learned writings which are offered to prove the truth of the matters therein are hearsay and may not properly be admitted into evidence for consideration by the jury. (Citations omitted).

*Id.* at 621, 537 A.2d at 339.

Appellant's argument is unpersuasive. Even though he asserts that the Morrone/King expert testimony was not being offered to prove the truth of the matter asserted, the transcripts could not be used to cross-examine Officer Brennan. The proposed Morrone/King transcripts may be expert testimony, but they are not publications or standard works in the field of narcotics use, distribution, or packaging and sales. The proffered expert transcripts are not systematic expositions in writing or methodical discussions of facts and principles.

The Commonwealth cites *United States v. Jones,* 712 F.2d 115 (1983), wherein the Fifth Circuit Court of Appeals addressed this issue. In that case, the government presented the testimony of an FBI agent as an expert witness in gambling operations. On cross-examination of the expert government witness, defendants' counsel sought to introduce the prior testimony, from another trial, of a different FBI gambling expert. The court excluded this evidence and the defendants argued that the prior testimony should have been admitted under the learned treatise exception to the hearsay rule. Rejecting the defendants argument, the Court of Appeals opined:

The learned treatise doctrine is confined to published works that have been subjected to widespread collegial scrutiny. It has never been extended to allow admission of the prior testimony of another expert. The construction urged by the appellants is missing the element of trustworthiness that is inherent in the learned treatise exception. We decline to adopt it.

712 F.2d at 121. We embrace the reasoning set forth by the Court of Appeals as it reflects our view on this issue as well. Thus, the trial court's exclusion of the Morrone/King transcripts was not a reversible error, nor an abuse of discretion.

▮ Next, Appellant claims that the trial court erred by refusing to hear defense evidence at the sentencing hearing involving "apportionment" of the drugs he possessed into those intended for his personal consumption and those intended for delivery. We note that the old procedure under Pa.Crim.P, Rule 1123, 42 Pa.C.S.A. for filing post-verdict motions was followed in this case. Rule 1123 has been rescinded effective as to cases in which the determination of guilt occurs on or after January 1, 1994. Since Appellant was adjudicated guilty on July 14, 1994, Rule 1123 would not apply. The procedure under new Pa.R.Crim.P.Rule 1410, 42 Pa. C.S.A. for filing post-sentencing motions effective as to cases where the determination of guilt occurs on or after January 1, 1994 should have been applied in this case. No post-sentence motion requesting reconsideration or modification of sentence was filed in this case. We held in *Commonwealth v. Jarvis*, 444 Pa.Super. 295, 663 A.2d 790 (1995), that new Rule 1410 does not eliminate the need to preserve challenges to the discretionary aspects of a sentence through such a motion. Even though the Rule characterizes a motion to modify sentence as "optional," the rule states that only issues presented to the trial court before or during trial are deemed preserved for appellate review where no post-sentencing motion is filed. Pa.R.Crim.P.Rule 1410B(1)(c), 42 Pa.C.S.A. We also stated that the amendment of Rule 1410 has not changed the requirement of Rule Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A. that issues not raised in the lower court cannot be raised for the first time on appeal.

We commend the Commonwealth for not arguing that the issue here is waived since no post-sentencing motion was filed in the trial court. The issue here is not a challenge to the discretionary aspects of the sentence as in *Jarvis, supra.* The issue here involves the right of the defense to present additional evidence regarding possession of drugs for personal use

138

and the amount to be delivered to determine whether a mandatory minimum sentence applies. This is a legal matter much like issues involving the calculation of prior record scores. *See Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415 (1992) (where issue on appeal is improper calculation of a prior record score or an offense gravity score, a direct appeal lies because these are legal questions, and a discretionary review is not appropriate).

Instantly, the defense raised the sentencing question before the trial court prior to the sentencing and the court denied the request to present evidence of personal use of drugs and the amount intended for delivery. The record created is sufficient to provide meaningful appellate review of the issue on appeal which should be an important consideration of counsel. *See* R.Crim.P., Rule 1410, 42 Pa.C.S.A., comment (Miscellaneous) ¶ 6.

 Appellant contends that he should have been permitted the opportunity to demonstrate at sentencing that he possessed with intent to deliver less than two grams of cocaine, thereby avoiding the mandatory minimum sentencing requirements of 18 Pa.C.S.A. § 7508. Section 7508(b) of the mandatory minimum sentencing statute provides:

> Proof of sentencing. Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. *The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.* (Emphasis supplied).

18 Pa.C.S.A. § 7508(b).

When rendering its verdict, the trial court stated that it accepts the fact that 2.34 grams of cocaine was involved in the

case and found Appellant guilty of simple possession and possession with intent to deliver. Two months later, at a hearing on motions for new trial, arrest of judgment and sentencing issues, defense counsel requested to present witnesses that would have testified that Appellant was a drug addict at the time of his arrest. The defense argued that it has the right to present evidence that Appellant intended to use some of the drugs himself and he would have delivered less than 2.0 grams of crack cocaine which would make the mandatory minimum sentence statute inapplicable to Appellant's case. The court refused to allow the defense to call the witnesses, but it permitted defense counsel the opportunity to state on the record the names of witnesses and an offer of proof regarding their proposed testimony. The trial court then stated:

> THE COURT: All right. We will put all that on the record and the Court is going to deny the presentation of this issue and the Court is going to conclude that under the law the 2.34 grams total weight of the mixture of cocaine and what else was in there I guess reducing agents stands for proposition [sic] and the minimum mandatory sentencing act has been met since the Court concluded this was for distribution.

> THE COURT: At this point here what I'd like to do, I would like to do this. I have read this 7508 section before and what I want to do is go over it again and list this for next week for sentencing. . . . And I will come back next week with the ruling on 7508 in regards to this case and we will sentence at that time.

(N.T. 7–14–94 at 29–30).[2]

At the sentencing hearing a week later, the court made the following ruling:

> THE COURT: . . . .

**2.** It appears that the cover pages of the hearings dated July 7, 1994 and July 14, 1994 were transposed. The July 7, 1994 transcript contains the notes from the sentencing and the July 14, 1994 notes contain the notes from the hearing on post-verdict motions.

Next, the Court is ruling that the Court's verdict is not a split verdict or that the Court is not to consider evidence as to parts which were for personal use, if any, and parts of the total weight which I think was 2.37 or 2.33 I forget exactly what it was which is about 50, 60 percent over the 2.0 grams which triggers the mandatory of crack cocaine so Mr. Nolan would like me to rule that at least that less than two grams was being used for transfer or sale or whatever, you call it what you want. And that a significant or an ample amount to bring that total for delivery under two grams was used or was to be used for personal use as well. Now, we have no statement in that area at the present time. Federal Courts under present law which is obviously different than ours has or calls for a judge to have the option or mandates the judge to determine how much of the total is delivery and how much of the total is for personal use and their guideline system while it's similar to ours is somewhat different because whatever is determined for delivery is plugged into that area which coincides with their defense gravity score and their total weight of narcotics score I guess you would call it. The Court is not going to follow that procedure but for the purpose of sentencing there [sic] is going to at this time deny by putting on testimony it will put on the record that Mr. Nolan stands ready and able and necessary estimation capable of showing this Court that the 2.33 or 2.37 grams of crack was this crack cocaine or powder cocaine?

MR. NOLAN: Crack cocaine.

THE COURT: That less than two grams of that was for transfer because some of it was for personal use by Mr. Glenn. So we'll have that on the record as well and that's where we stand.

MR. NOLAN: I understand your ruling, your Honor. I believe that I put on the record last week the offer of proof that I would have what I would have presented if the Court allowed so I think I'm preserving that.

THE COURT: I'm making no ruling on the sufficiency of that, but what I'm saying is that you stand ready to present that information to the Court and in your estimation there is

sufficient additional information and the Court doesn't personally have to show that the amount confiscated, less than two grams of that was for transfer of sale of this is use.

MR. NOLAN: So I understand the Court is basically denying my request to put that evidence on?

THE COURT: Correct, denying your request for the Court to have a hearing considering that.

(N.T. 7–7–94 at 6–8).

In its written opinion, the trial court reviewed the sufficiency of the evidence, even though the issue was not raised, and it stated: "[t]he Court, acting as the trier of fact, found Officer Brennan to be a credible witness, and subsequently determined that the defendant possessed all 2.34 grams of cocaine with the intent to deliver." (Trial ct. op. filed 6–6–95 at 3). With respect to the mandatory minimum sentencing issue, the trial court expressed:

The court rejects defendant's argument that the court should breakdown the amount intended for distribution and the amount intended for personal use. The defendant urges the court to subtract one (1) gram from the total 2.34 grams because the defendant contends that this is the amount he intended for his own personal use.

However, the totality of the evidence fails to establish conclusively that there was a separate amount intended for the defendant's personal use. On the contrary, the officer on the scene seized 35 identical vials which were all together in a brown paper bag inside a cigarette pack. The officer did not find any separate packages of cocaine that could be shown to be for the defendant's personal use.

Thus, the court correctly included all 2.34 grams of cocaine in determining the sentence, and imposed a sentence pursuant to the provisions of the Drug Trafficking Sentences and Penalty Act (18 Pa.C.S. § 7508(a)(3)(i)).

(Trial ct. op. filed 6–6–94 at 5).

The Commonwealth cites *Commonwealth v. Jones,* 413 Pa.Super. 482, 605 A.2d 825, *alloc. denied,* 531 Pa. 652, 613 A.2d 557 (1992) for the proposition that the sentencing court is

unauthorized to change the facts that supported the verdict. In *Jones*, a case also involving possession of cocaine with intent to deliver, the trial court initially imposed a mandatory minimum sentence of three to six years after finding that the defendant possessed all 26.401 grams of cocaine with intent to deliver found in the defendant's home. Defense counsel filed a motion to reconsider, and one year later, the trial court re-examined the facts and determined that the defendant only possessed 2.722 grams of cocaine and defendant's son possessed the remainder of the cocaine. This new finding required a lower mandatory minimum sentence. On appeal, we reversed holding that the lower court reassessed the facts at the time of sentencing in order to impose a more lenient sentence which is not permitted and ignores the mandatory minimum sentence requirements.

The Commonwealth argues further that the present case is also controlled by *Commonwealth v. Mayes*, 436 Pa.Super. 1, 647 A.2d 212 (1994), where the trial court convicted the defendant of possession of 2.34 grams of crack cocaine and possession with intent to deliver. In an effort to avoid the mandatory minimum sentence, the defendant's counsel asked the court if he could present evidence regarding the portion of the 2.34 grams of cocaine the defendant intended to use for his own drug habit. The court was willing to hear the evidence, but no hearing took place due to counsel's unavailability. Subsequently, post-verdict motions were denied and the sentencing hearing began. Defense counsel stated that he did not intend to present evidence regarding the amount of crack cocaine the defendant intended for personal use; defense counsel only presented argument on the matter. The court, during the sentencing hearing, found as facts, based upon trial testimony, that defendant was a drug user and seller and that he did not necessarily possess with intent to deliver in excess of 2.0 grams of cocaine. The court decided not to impose the mandatory minimum. On appeal, we reversed the sentence because no evidence was presented at trial, during post-trial motions or at the sentencing hearing regarding the amount of crack cocaine defendant allegedly intended for his personal

consumption. Therefore, we concluded that the trial court was required to impose the mandatory minimum sentence since the amount determined at trial to be possessed was 2.34 grams of cocaine and there was no finding at trial that a specific portion of the drugs was intended for defendant's personal use.

The instant case is distinguishable from *Commonwealth v. Jones, supra,* and *Mayes.* In *Jones, supra.,* the trial court made a finding that the defendant possessed all the drugs found in her house. The court then altered its finding after the conviction (determining that she did not possess all of the drugs) when it reconsidered the sentence. In *Mayes,* the trial court found that the defendant possessed over 2.0 grams of cocaine but failed to impose the mandatory minimum. Since no evidence was produced at trial, during post-verdict motions or at the sentencing hearing regarding the defendant's personal use, we concluded that the court had no basis for failing to impose the mandatory sentence.

In the case at bar, however, the court never made a finding at trial regarding the amount of cocaine for personal use or for delivery; it merely rendered a general verdict of guilt on both charges. (N.T. 6–6–94 at 129). The trial court then refused to allow the defense to present evidence at the hearing on post-verdict motions and prior to sentencing regarding Appellant's personal consumption. Appellant did not testify during the trial; however, he displayed his arms to the Commonwealth's expert witness, Officer Brennan, who stated that Appellant's arms had track marks on them consistent with drug use. Officer Brennan testified that all of the drugs possessed by Appellant were for distribution, and the defense expert testified that it would be just as likely that the drugs were possessed for mere possession as for possession with intent to deliver. Despite this evidence, the trial court would not hear the defense evidence on the issue of apportionment.

When this case proceeded at the trial level, the trial court did not have the benefit of this court's decision in *Commonwealth v. Carroll,* 438 Pa.Super. 55, 651 A.2d 171, *alloc. denied,* 541 Pa. 649, 664 A.2d 539 (1995). The trial court in

*Carroll* made a general finding that the defendant was guilty of both possession and possession with intent to deliver a controlled substance. No evidence was presented nor was a request made for a finding regarding the amount of heroin possessed for personal use and the amount intended for delivery. At the sentencing, evidence was presented that the defendant had a twenty-five year history of heroin abuse and he also abused cocaine. The sentencing court found from a preponderance of the evidence that less than 2.0 grams of heroin was intended for distribution and the remainder of the drugs was for personal use. Since the amount for delivery was less than 2.0 grams of heroin, the court did not impose the mandatory minimum sentence. The Commonwealth appealed and we affirmed. We made the following relevant statements:

> Moreover, a sentencing court may not reassess the facts upon which it previously relied to establish guilt. *Commonwealth v. Jones,* 413 Pa.Super. 482, 487, 605 A.2d 825, 828 (1992), *allocatur denied,* 531 Pa. 652, 613 A.2d 557 (1992). However, before imposing a mandatory minimum sentence, a sentencing court must determine whether the offense for which the defendant was convicted falls within the parameters of the sentencing scheme. This requires a separate determination by the sentencing court. . . .

> In the instant case, additional evidence was offered at the sentencing hearing, and from this evidence the court determined that the amount of heroin in Carroll's possession which was intended for delivery to others was less than 2.0 grams. By a preponderance of the evidence, therefore, the court found that the statutory section imposing a mandatory sentence was inapplicable. A review of the record leaves no doubt that the finding of the sentencing court is supported by the evidence.

*Id.* at 58–59, 651 A.2d at 173.

In *Carroll,* we concluded:

> In the case sub judice, there was nothing in the evidence at trial or in the findings of the trial court which determined the amount of heroin which Carroll had intended for personal use. Therefore, the sentencing court received additional

evidence to assist it in determining whether a mandatory minimum sentence should apply. This was not merely proper; it was mandated by statute. In addition to evidence that Carroll used forty dollars worth of heroin per day, the evidence was that he was severely underweight, in poor health and had been admitted to the Veteran's Administration Hospital in Coatesville for treatment as an addict. Indeed, the sentencing court observed that appellee's habit was such that he readily could have consumed himself all of the heroin found in his possession.

This is not a case in which the trial court has reconsidered its verdict or reassessed the evidence. See: *Commonwealth v. Jones, supra.* Appellee's conviction for possession with intent to deliver has not been altered. Pursuant to 18 Pa.C.S. § 7508(b), however, it was appropriate for the trial court to determine at sentencing whether the amount of narcotics which appellee intended for delivery equalled or exceeded that which made applicable the mandatory sentence provision of the statute.

*Id.,* at 60–61, 651 A.2d at 174.

■ When the parties argued oral post-verdict motions, the trial court would not allow the defense to present the witnesses to testify that Appellant intended to consume some of the drugs and he intended to deliver the remainder. The court only permitted defense counsel to make an offer of proof on the record. At the sentencing, the court ruled that no hearing would be held with respect to personal use and what amount was for delivery. It is clear from the record that the court was of the view that it did not have to accept evidence regarding personal consumption and precluded evidence in that area. Contrary to the Commonwealth's position, the trial court did not make a finding at trial, during post-verdict motions, or at the sentencing that the 2.34 grams of crack cocaine was for delivery. It was not until the trial court wrote its opinion that it became clear that the court made a factual finding that all of the crack cocaine possessed by Appellant was for distribution. The trial court erred as it relied solely on the evidence presented at trial to make that determination.

The law requires the trial court to consider the evidence presented at trial and any additional evidence presented at post-trial proceedings relevant to Appellant's personal use of drugs. The court shall then determine, by a preponderance of the evidence, if the mandatory minimum sentence is applicable. Since that procedure did not occur in this case, we must remand for resentencing.

Judgment of sentence vacated and case remanded for resentencing in accordance with this Opinion.

BECK, J., files a concurring and dissenting opinion.

BECK, Judge, concurring and dissenting:

I dissent because I conclude that the trial court did not err in refusing to permit appellant to present apportionment evidence prior to sentencing. I would affirm the judgment of sentence.[1]

The record supports the trial court's finding that the Commonwealth established at trial by a preponderance of the evidence that appellant possessed more than two grams of cocaine with the intent to deliver. The question is whether under the applicable statute the trial court was required at the time of verdict to make a record of that finding. And if the trial court failed to do so, whether the trial court was required to hear additional testimony at the time of sentencing regarding apportionment.

Following a bench trial, appellant was found guilty of possession of cocaine and possession of cocaine with the intent to deliver ("PWI"). At the time the court announced the verdict, the court made its finding that the amount of cocaine involved was 2.34 grams. The court, however, did not specify what if any portion of that amount was possessed solely for personal use. Prior to sentencing, appellant petitioned to present evidence to prove that he possessed less than two grams of cocaine with the intent to distribute. The trial court refused

---

1. I agree with the majority's conclusion that the trial court properly prohibited appellant from cross-examining the Commonwealth's expert witnesses about testimony in unrelated drug cases.

to consider this additional evidence. In accordance with 18 Pa.C.S. § 7508, the court then imposed the mandatory minimum sentence for possession with intent to deliver over two grams of a controlled substance.

In its opinion in support of the sentence, the trial court stated that, based upon competent evidence at trial, the appellant possessed the entire 2.34 grams with an intent to deliver, *not for personal use.* The trial court set forth the evidence presented at trial from which its conclusion was drawn, including the Commonwealth expert's testimony that the packaging and amount were consistent with an intent to deliver, not with personal use, and the fact that appellant had a gun and a large sum of cash, but no paraphernalia.

Appellant insists that the statute mandates that at sentencing, the trial court consider additional evidence regarding the applicability of the mandatory minimum sentence. The statute provides:

**Proof of sentencing.** Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present *necessary* additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S. § 7508(b) (emphasis added).

The majority remands for new sentencing proceedings to permit appellant to introduce evidence of apportionment. The majority concludes that the court did not make a timely finding at the point of the verdict that all of the cocaine was possessed with the intent to deliver; therefore, the appellant must be afforded an opportunity at sentencing to present apportionment evidence.

I find nothing in the statute that requires the trial court to make a record finding as to apportionment at the time of verdict. If, as in this case, the judge heard evidence at trial sufficient to decide the apportionment question, additional evidence on the question at sentencing is unnecessary and a waste of judicial resources. The statute permits the trial court to make its decision based upon the evidence presented *at trial,* and any *necessary* evidence presented at sentencing. Thus, at the time of sentencing, the trial court has the discretion to decide whether at trial sufficient evidence was presented to establish the applicability of the mandatory minimum sentence by a preponderance of the evidence or whether to permit the defendant to present additional evidence. The statute only requires the court to hear additional evidence if *necessary,* and to make its finding known at sentencing.

The majority relies upon *Commonwealth v. Carroll,* 438 Pa.Super. 55, 651 A.2d 171, *allocatur denied,* 541 Pa. 649, 664 A.2d 539 (1995), for its conclusion that the trial court was legally required to hear additional evidence to determine the applicability of the statutory mandatory minimum sentence. *Carroll* is readily distinguishable from the instant case.

The defendant in *Carroll* was caught with over two grams of cocaine in his possession and was convicted of possession and PWI. As in the present case, the court did not specifically state at verdict how much was possessed with intent to deliver and how much, if any, was possessed solely for personal use. Prior to sentencing, the trial court agreed to hear additional evidence by defendant regarding his serious drug addiction and heavy use. Based thereon, the court concluded that less than two grams of the total amount was possessed with the intent to deliver, and refused to impose the mandatory minimum. The Commonwealth appealed. This court affirmed, explaining that because *no* evidence had been presented at trial upon which the court could determine the quantity of drugs possessed by the defendant with the intent to deliver, the court was permitted and indeed required to hear additional evidence at sentencing in order to determine whether the mandatory minimum sentence applied.

In the present case, by contrast, the Commonwealth presented ample evidence at trial upon which the court could conclude, by a preponderance of the evidence, that appellant possessed over two grams of cocaine with the intent to deliver. Nothing in the statute or case law requires that if at the time of verdict, the court does not make a specific finding regarding the quantity possessed with intent to deliver, then the court may not properly announce such a determination later, at sentencing, without hearing additional evidence. I find the trial court's determination to be supported by sufficient competent evidence and, therefore, I would affirm.