**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Lawrence LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 2008.

Filed Sept. 4, 2008.

Sondra R. Rodrigues, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: PANELLA, HUDOCK, and FITZGERALD *, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Lawrence Lee, appeals from the judgment of sentence entered on

June 14, 2005, by the Honorable Rose Marie DeFino–Nastasi, Court of Common Pleas of Philadelphia County. After careful review, we affirm.

¶ 2 On May 15, 2002, at approximately 1:50 p.m., Philadelphia Police Officer Timothy Riley was conducting surveillance when he observed Lee engage in two separate hand-to-hand transactions during which individuals approached Lee and engaged in conversation. Lee then accepted money from the individuals and proceeded across the street to a vacant lot, whereupon he returned and handed small objects to the individuals. When Officer James Reilly confronted the first buyer, he recovered a pink-tinted Ziploc packet containing a small quantity of crack cocaine.

¶ 3 After the second transaction,[1] police proceeded to place Lee under arrest. A search incident to arrest revealed $40.00 on Lee's person. Additionally, police recovered 49 pink-tinted Ziploc packets containing crack cocaine from a stash hidden in the western wall of the vacant lot across the street from where Lee was observed selling drugs to the two buyers. The packets recovered from the vacant lot were identical to the packet recovered from the first buyer.

¶ 4 Following a waiver trial, Lee was convicted of one count each of possession of a controlled substance[2] and possession with intent to deliver a controlled substance.[3] Prior to sentencing, Lee filed a motion pursuant to *Commonwealth v. Carroll,* 438 Pa.Super. 55, 651 A.2d 171 (1994), *appeal denied,* 541 Pa. 649, 664 A.2d 539 (1995), which the trial court denied by order dated June 14, 2008.[4] Thereafter,

---

* Former Justice specially assigned to the Superior Court

1. Police were unable to locate the second buyer following the transaction.

2. 35 PA.STAT. § 780–113(a)(16).

3. 35 PA.STAT. § 780–113(a)(30).

4. After a request for a *Carroll* hearing, the sentencing court may receive evidence from the defendant and the Commonwealth in order to determine the weight of the drugs

the trial court sentenced Lee to no less than three nor more than six years imprisonment, pursuant to the mandatory minimum sentencing provisions set forth in 18 PA. CONS. STAT.ANN. § 7508.

¶ 5 Thereafter, Lee did not pursue a direct appeal. However, on March 4, 2005, Lee filed a petition for post-conviction relief ("PCRA"),[5] after which, on July 11, 2006, the PCRA court reinstated his appellate rights *nunc pro tunc*. This timely appeal followed.

¶ 6 Lee raises the following issues for our review:

A. WHETHER THE APPELLANT IS ENTITLED TO AN ARREST OF JUDGMENT ON THE CHARGE OF POSSESSION WITH INTENT TO DELIVER WHERE THE COMMONWEALTH FAILED TO PROVE EACH ELEMENT OF THE CRIME BEYOND A REASONABLE DOUBT—SPECIFICALLY, WHERE THE COMMONWEALTH FAILED TO ESTABLISH INTENT TO DELIVER?

B. WHETHER THE LEARNED TRIAL COURT ERRED BY DENYING THE APPELLANT'S *CARROLL* MOTION—SPECIFICALLY, BECAUSE THE FACTS INTRODUCED DURING THE MOTION ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE THAT THE APPELLANT WAS A HEAVY DRUG USER, THERE WAS NO SEPARATION OF DRUGS AS TO WHAT WOULD BE FOR PERSONAL USE OR DISTRIBUTION, AND AN EXPERT TESTIFIED THAT THE APPELLANT HAD THE NECESSARY DRUG HABIT THAT COULD BRING THE DRUGS FOUND BENEATH THE TWO–GRAM MANDATORY MINIMUM?

Appellant's Brief, at 5.

¶ 7 Lee challenges the sufficiency of the evidence to sustain his conviction for PWID. In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Little*, 879 A.2d 293, 296–297 (Pa.Super.2005), *appeal denied*, 890 A.2d 1057, 586 Pa. 724 (2005). This standard of deference is not altered in cases involving a bench trial, because "the province of a trial judge sitting without a jury is to do what a jury is required to do." *Commonwealth v. Lambert*, 765 A.2d 306, 362 (Pa.Super.2000) (quotation omitted). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow*, 431 Pa.Super. 453, 636 A.2d 1173, 1176 (1994) (quotation omitted). Unless the evidence presented at trial is "so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances," the verdict should not be disturbed on appeal. *Commonwealth v.*

possessed and whether the drugs were intended for distribution or for personal use, and utilize this additional evidence to assist it in determining whether a mandatory minimum sentence should apply. Of course, the sentencing court may not reassess the facts upon which it previously relied to establish guilt.

5. 42 PA. CONS.STAT.ANN. §§ 9541–9546.

*Davis,* 799 A.2d 860, 866 (Pa.Super.2002) (quotation omitted).

¶ 8 When reviewing a challenge to the sufficiency of the evidence with regards to a PWID conviction, we are mindful that

> [t]he Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver.
>
> In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substance. It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver.
>
> Notably, "if, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors."

*Commonwealth v. Brown,* 904 A.2d 925, 931–932 (Pa.Super.2006) (citations omitted), *appeal denied,* 591 Pa. 710, 919 A.2d 954 (2007).

¶ 9 As previously noted, Philadelphia police officers observed Lee engage in two hand-to-hand drug transactions in which money was exchanged for small items retrieved from a stash in a nearby vacant lot. Subsequent to the first transaction, Police recovered a pink-tinted Ziploc packet containing crack cocaine from the first buyer. When police arrested Lee following the second transaction, they recovered $40.00 from his person. Additionally, police discovered 49 pink-tinted Ziploc packets containing crack cocaine from the vacant lot adjacent to the location at which the hand-to-hand transactions had taken place. The secreted Ziploc packets of cocaine were identical to the pink-tinted packet police recovered from the first buyer. Additionally, Lee did not possess any drug paraphernalia that would indicate personal use of the drugs recovered. In light of the foregoing evidence, we are not persuaded that the evidence was so weak and inconclusive so as to be insufficient to sustain Lee's conviction for possession with intent to deliver cocaine. The large amount of prepackaged cocaine recovered by police was more than sufficient to support an inference of intent to deliver. Accordingly, we find Lee's claim in this regard to be without merit.

¶ 10 Lee also challenges the trial court's denial of his *Carroll* motion, in which Lee presented expert testimony in order to attribute a fraction of the 49 packets of cocaine apportioned to personal use in an attempt to avoid the mandatory minimum sentence. Under 18 Pa. Cons.Stat.Ann. § 7508(a)(2)(i), a person convicted of possessing between 2.0 and 10.0 grams of crack cocaine shall be sentenced to at least three years imprisonment if he has a prior drug-trafficking conviction. Due to such a prior conviction, Lee's conviction of possessing 2.628 grams of crack cocaine in the instant case subjected him to the mandatory three-year minimum sentence.

¶ 11 In denying Lee's *Carroll* motion, the trial court noted it found that the testimony presented by drug usage specialist David Leff regarding the extent of Lee's drug use "amounted to mere speculation." Trial Court Opinion, 06/22/07, at 6. Moreover, the court additionally rejected Leff's assertion that at least twelve of the Ziploc packets of cocaine were attributable to Lee's personal use as unsupported by a preponderance of the evidence. *Id.* Despite Lee's efforts to induce this

Court otherwise, we are mindful that "it is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Commonwealth v. Thompson,* 934 A.2d 1281, 1285 (Pa.Super.2007) (citation omitted), *appeal denied,* 596 Pa. 744, 946 A.2d 687 (Pa.2008). Instantly, the trial court clearly found incredible the theory posited by Lee's expert witness, to wit, that a large portion of the drugs recovered from the vacant lot were attributable to Lee's personal use. Accordingly, as the trial court was free to reject the expert testimony presented at the hearing, we find no abuse of discretion in its decision to deny Lee's *Carroll* motion and apply the mandatory minimum sentence.

¶ 12 Judgment of sentence affirmed. Jurisdiction relinquished.