J. S38009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
                 v.                  :
                                       :
JAIME CUADRO,                     :          No. 2452 EDA 2015
                                       :
             Appellant       :

Appeal from the Judgment of Sentence, July 21, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010826-2014

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 12, 2016**

Jaime Cuadro appeals the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a waiver trial of one count of aggravated assault and two counts each of simple assault and recklessly endangering another person ("REAP").[1]  The trial court sentenced appellant to serve 11½-23 months' imprisonment on the aggravated assault count.  The trial court imposed no further penalty on the remaining counts.  We affirm.

The trial court set forth the following:

> On May 17, 2014, at approximately 9:40 a.m. on the 3900 block of L Street, [complainant] testified that he backed up his Ford Explorer from an alleyway partially onto the street when [appellant] blocked his car by driving behind [c]omplainant's

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), 2705, respectively.

Ford Explorer. Complainant exited his car and made a waving hand motion for [appellant] to back up his car. [Appellant] screamed at [c]omplainant, exited his car, and angrily approached him. Complainant grabbed a tire iron from a tool box in his car as [appellant] was approaching and placed it down when [appellant] stopped. Complainant did not move or act aggressively while he held onto the tire iron. Complainant told [appellant] to calm down as [appellant] screamed and angrily approached. [Appellant] proceeded to punch [c]omplainant on the nose and [c]omplainant fell to the ground. [Appellant] got on top of him and punched him five to six more times, causing him to lose consciousness for five to ten seconds. Complainant never punched [appellant] back and was only trying to block off [appellant]'s punches. When [c]omplainant opened his eyes, he saw his mother [] come in between them, pushing [appellant] off of him. [Appellant] turned around and choked [complainant's mother] who is a fragile 58 years old [sic] woman whom had undergone multiple prior surgeries. At the same time, [c]omplainant's sister, who was a passenger of the Ford Explorer, exited the car to help but [appellant] shoved her aside. Complainant eventually regained his footing and pulled out his licensed firearm from his hip, warding [appellant] off his mother. The police later arrived and [c]omplainant went to the hospital for six hours to treat a broken nose, fractured jaw, a hole inside his mouth, and an injury which required three stitches. As a result of this incident, [c]omplainant sustained permanent injuries, including a scar on his face, a bent nose, and breathing difficulties. Complainant testified that [complainant's mother] suffered neck pain after this incident. Throughout the entire encounter, [c]omplainant did not strike [appellant] or [appellant]'s son with the tire iron or gun.

[Appellant]'s son then testified. [The son] stated that on the day in question, [appellant] was driving to their cousin's house when they encountered [c]omplainant's car blocking the alleyway on L Street. After they waved

[c]omplainant to move his car, the [c]omplainant quickly backed up very close to their car. [Appellant] backed up his car in response, but [c]omplainant walked over to exchange words with [appellant]. Complainant walked back to his own car afterwards, reached for a tire iron, and then placed it on the ground before coming back to [appellant]'s car again. He saw [appellant] get out of the car and [c]omplainant threw a punch. [Appellant's son] testified that a young lady jumped on [appellant], while an older couple came out and hit [appellant]. He then saw [c]omplainant leave the scene and return with a gun. He further stated that [c]omplainant punched him on the right cheek since he was in the way between [c]omplainant and [appellant].

[Appellant] testified that [] he backed up his car 30-40 feet to allow room for the [c]omplainant to back up his car on that day in question. He testified that [c]omplainant came out of the car, exchanged words, and returned to his car to retrieve a tire iron. After [c]omplainant threw the tire iron on the ground, [c]omplainant walked over to [appellant]'s car and exchanged words again. [Appellant] got out of the car and punched [c]omplainant, causing [c]omplainant to fall backwards. At that time, [appellant] testified that a young lady grabbed onto his back, while an older couple grabbed onto him. [Appellant] then saw [c]omplainant walk towards [appellant]'s car, grab the keys to the car and put them in his pockets. [Appellant] also saw the police hug [c]omplainant before being arrested.

Trial court opinion, 10/20/15 at 2-4 (citations to the notes of testimony omitted).

Appellant raises the following issues for our review:

I.      WAS THE EVIDENCE SUFFICIENT TO SUPPORT APPELLANT'S CONVICTIONS FOR AGGRAVATED ASSAULT AND RELATED OFFENSES WHERE THE COMMONWEALTH

FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT DID NOT JUSTIFIABLY ACT IN SELF-DEFENSE WHEN THE COMPLAINANT ADVANCED UPON HIM WHILE SCREAMING AND WIELDING A TIRE IRON?

II.   WAS THE EVIDENCE SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTIONS FOR SIMPLE ASSAULT AND RECKLESSLY ENANGERING [SIC] ANOTHER PERSON WITH RESPECT TO HIS SUPPOSED ATTACK ON [THE COMPLAINANT'S MOTHER] WHRE [SIC] [THE MOTHER] DID NOT TESTIFY AND NO EVIDENCE WAS PRESENTED TO ESTABLISH THAT SHE WAS INJURED IN ANY WAY DURING THE CONFRONTATION?

III.  WERE APPELLANT'S CONVICTIONS AGAINST THE CLEAR WEIGHT OF THE EVIDENCE WHERE: (1) THE TRIAL TESTIMONY OF THE COMPLAINANT WAS INCONSISTENT WITH STATEMENTS HE HAD MADE TO A POLICE OFFICER FOLLOWING THE INCIDENT ABOUT WHETHER HE WAS CARRYING HIS GUN AT THE TIME OF THE CONFRONTATION; AND (2) THE COMPLAINANT'S TESTIMONY THAT HE DID NOT INJURE APPELLANT WAS CONTRADICTED BY THE TESTIMONY OF A POLICE OFFICER, DEFENSE WITNESS, AND PHOTOGRAPHS?

Appellant's brief at 4.

Appellant first complains that the evidence was insufficient to convict him of aggravated assault, simple assault, and REAP with respect to complainant because he acted in self-defense.

We are subject to the following standard of review on sufficiency claims:

> In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the factfinder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed.

*Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa.Super. 2013) (citations omitted). Under the Crimes Code, a person commits aggravated assault when he or she "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a). A person commits simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;" or "attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S.A. §§ 2701(a)(1), 2701(a)(3). The Crimes Code defines recklessly endangering another person as "conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

The defendant has no burden to prove self-defense. ***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa.Super. 2014).  If the defendant properly raises self-defense under Section 505 of the Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense.  ***Id.***  With respect to self-defense, the Crimes Code states, "[t]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion."  18 Pa.C.S.A. § 505(a).  The use of force is not justifiable when:

> the actor knows that he can avoid the necessity of using such force with complete safety by retreating, except the actor is not obliged to retreat from his dwelling or place of work, unless he was the initial aggressor or is assailed in his place of work by another person whose place of work the actor knows it to be.

18 Pa.C.S.A. § 505(b)(2)(ii).

Here, the record reflects that complainant was backing out of the street in his car when appellant blocked his path.  (Notes of testimony, 3/19/15 at 8.)  Complainant asked appellant to move his car so complainant could continue backing out.  (***Id.*** at 10.)  Appellant then got out of his car and began moving toward complainant.  (***Id.*** at 11.)  At this point, complainant took a tire iron out of his car in an attempt to ward off appellant.  (***Id.***)  As soon as appellant halted his gait, complainant placed

the tire iron on the ground. (*Id.*) Once the tire iron was on the ground, appellant started towards complainant again and hit him in the nose with his fist. (*Id.* at 12.) Complainant then fell to the ground, and appellant continued hitting him five or six more times with his fists. (*Id.* at 13-14.) Complainant testified that he lost consciousness during the incident. (*Id.* at 35.) Complainant also stated that he feared for his life during the confrontation. (*Id.* at 17.) Appellant caused serious and permanent injuries to complainant, including a broken nose, a fractured jaw, and a hole in his mouth. (*Id.* at 18.) Complainant currently suffers from breathing problems due to the assault. (*Id.* at 17.)

After careful review of the record, we find that, when viewed in the light most favorable to the Commonwealth as verdict winner, the Commonwealth produced evidence sufficient to prove that appellant did not act in self-defense and that he had every opportunity to avoid the necessity of using force and safely retreat. After complainant placed the tire iron on the ground, appellant resorted to violence instead of leaving the scene peacefully. After complainant fell to the ground, appellant continued hitting complainant with his fists. Appellant was not a victim in this incident; he was the source of danger. Therefore, appellant's first claim lacks merit.

Appellant next contends that because complainant's mother did not testify, the Commonwealth was unable to produce sufficient evidence to sustain his convictions of simple assault and REAP with respect to

complainant's mother. Alternatively, appellant claims he acted in self-defense.

Here, the record reflects that complainant testified that his mother is 58 years old with limited physical mobility due to prior surgeries on her leg. (*Id.* at 15.) Complainant further testified that after he regained consciousness, he saw appellant choking his mother, causing her to scream and attempt to pull his hands off of her. (*Id.* at 19.) Appellant continued to choke complainant's mother, only stopping when complainant drew his firearm. (*Id.* at 16.) As a result of appellant choking complainant's mother, complainant testified that his mother experienced neck pain. (*Id.* at 35.)

Here, the trial court rejected appellant's version of events and accepted the eyewitness testimony of complainant with respect to appellant's assault on his mother. The trial court, sitting as fact-finder, was free to determine witness credibility and believe all, part, or none of the testimony. *See Commonwealth v. Lee*, 956 A.2d 1024, 1029 (Pa.Super. 2008). Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find that the Commonwealth produced sufficient evidence to sustain appellant's convictions of simple assault and REAP with respect to complainant's mother. Therefore, this claim is meritless.

Finally, appellant contends that the verdicts rendered by the trial court were against the weight of the evidence.

Our standard of review for determining whether a verdict is compatible with the weight of the evidence is well settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted) (emphasis omitted).

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the . . . verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa.Super. 2011).

Here, appellant contends "that the testimony of the complainant [] was wholly unreliable and unworthy of belief." (Appellant's brief at 19.) Appellant asks us to re-weigh the evidence and make credibility determinations. We decline to do so, as that is not our role. After a careful review of the record, we conclude that the verdicts by the trial court were

not so contrary to the weight of the evidence as to shock one's sense of justice. Therefore, this claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016