**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMINA MERRIWEATHER | |
| Appellant | No. 2970 EDA 2014 |

Appeal from the Judgment of Sentence September 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010585-2013

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                     **FILED SEPTEMBER 30, 2015**

Appellant, Amina Merriweather, appeals from the September 22, 2014 aggregate judgment of sentence of two years' probation, imposed following her conviction at a bench trial of forgery, theft by unlawful taking, receiving movable property, and bad checks.[1]  After careful consideration, we affirm.

We summarize the history of this case as follows.  By criminal complaint dated April 12, 2013, Detective Dank Andrews, of the Northeast Detectives Division of the Philadelphia Police Department, charged Appellant with the aforesaid crimes and securing execution of documents by

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4101(a)(1), 3921(a), 3925(a), and 4105(a)(1), respectively.

deception.[2]   The charges were based on events that occurred in January 2013, related to Appellant's employment as a home health aide by Complainant, Marie Furey.   Following a preliminary hearing held on August 20, 2013, all the charges, except the securing execution of documents by deception charge, were bound over to the Court of Common Pleas. Following Appellant's waiver of her right to a jury trial, a bench trial was held on September 22, 2014.

The trial court summarized the facts of the case as elicited from testimony at trial as follows.

> Marie Furey testified that Appellant was hired in 2012 as a nursing aid, to assist her husband with daily tasks, including getting him dressed and helping with meals.  In January of 2013, Mrs. Furey became aware of an irregularity with her PNC Bank checking account, and upon investigation with her bank, discovered two checks that she did not write. Mrs. Furey and her husband were joint owners of the account and Mrs. Furey testified that her husband was not capable of writing checks.  Check Number 251 was written for the date of January 7, 2013, and Check Number 273 was written for the date of January 14, 2013.  Both checks were written to Amina Merriweather, and both checks were written for the amount of four hundred eighty-four dollars. Mrs. Furey denied that the checks were in her handwriting.
>
> Mrs. Furey testified that her checkbook was kept in an unlocked buffet cabinet in her dining room.  No other checks were missing other than Checks 251 and 273.  Mrs. Furey testified that Appellant did contact her by phone, denying that she

_____

[2] 18 Pa.C.S.A. § 4114.

had taken the checks, and offering to return the missing amount.

Mrs. Furey identified a legitimate check, Check Number 227, which was signed by herself, made to Amina Merriweather for four hundred eighty-four dollars, and dated January 15, 2013.

There was a stipulation by and between counsel that Appellant cashed Checks 251 and 273 at the PNC Bank located a 6855 Frankford Avenue. There was also a stipulation that Appellant's mother would testify as to Appellant's reputation in the community as being law-abiding and honest.

Appellant testified that she was given Checks 251 and 273 by Marie Furey in the normal course of business as a private employee, and that she had worked during the weeks in question. [Appellant] testified that she was turned away from the Furey's home by their son in mid-January, 2013, and told that she was no longer needed. [Appellant] denied that she ever contacted the Fureys on the telephone after her employment was terminated. In viewing the documentary evidence, th[e trial] court found that Checks 251 and 273 were markedly different from Check 227 in terms of handwriting, spelling, and style.

Trial Court Opinion, 12/12/14, at 2-3.

At the conclusion of the trial, the trial court found Appellant guilty of all charges. The trial court immediately sentenced Appellant to two years' concurrent probation on each count. Appellant did not file a post-sentence motion. On October 3, 2014, Appellant filed a timely notice of appeal. In response to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate

Procedure 1925(b). The trial court issued its Rule 1925(a) opinion on December 12, 2014.

On appeal, Appellant raises the following issue for our review.

> Whether the evidence was insufficeint [sic] to support a conviction of forgery, theft, receiving stolen property and bad checks?

Appellant's Brief at 3.

Our review of a challenge to the sufficiency of the evidence is bound by the following standard and scope of review. "A claim impugning the sufficiency of the evidence presents us with a question of law." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fabian***, 60 A.3d 146, 150-151 (Pa. Super. 2013) (citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013). "This standard of deference is not altered in cases involving a bench trial, because the province of a trial judge sitting without a jury is to do what a jury is required to do." ***Commonwealth v. Lee***, 956 A.2d 1024, 1027 (Pa. Super. 2008) (internal quotation marks and citation omitted), *appeal denied*, 964 A.2d 894 (Pa. 2009).

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the [finder of fact] of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014).

We note initially that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). Instantly, rather than identifying the specific elements of the particular charges at issue in

her Rule 1925(b) statement, Appellant merely recites a version of the evidence she deems warrants a contrary verdict.

> 1. The evidence was insufficient to find [A]ppellant guilty of forgery, theft, receiving stolen property[,] and bad checks where [A]ppellant worked as a nursing assistant for complainant's husband in their home. Complainant had written checks in the past to [A]ppellant for services rendered. Appellant usually received a check once per week for her work from complainant. Appellant testified that she had worked the prior weekend that is why she got two checks in one week. The checks and signature on checks looked similar to other checks complainant had written and/or other checks complainant had drafted had not been submitted to the court and admitted into evidence for a comparison with the alleged forged checks.

Appellant's Concise Statement of Errors complained of on Appeal, 11/25/14, at 1.

Appellant's statement actually addresses the credibility of the witnesses and the weight of the evidence. *See Commonwealth v. Yong*, ---A.3d---, 2015 WL 4366472 at *10 n.9 (Pa. Super. 2015) (holding that a challenge to credibility and the volume and quality of the evidence is a challenge to the weight of the evidence and must be preserved as such). "[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its [Rule 1925(a)] opinion." *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa.

Super. 2014) (some citations omitted). Instantly, Appellant did not preserve a challenge to the weight of the evidence by filing a post-sentence motion. Accordingly, Appellant has waived any challenge to the weight of the evidence.

Nevertheless, even if Appellant's sufficiency claim were properly preserved, we conclude her arguments are without merit. The forgery statute provides as follows.

**§ 4101. Forgery**

**(a) Offense defined.**--A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;

…

18 Pa.C.S.A. §4101(a)(1). "Thus, the Commonwealth must prove that there was a false writing, that the instrument was capable of deceiving, and that the defendant intended to defraud." **Commonwealth v. Fisher**, 682 A.2d 811, 815 (Pa. Super. 1996), *appeal denied*, 687 A.2d 386 (Pa. 1996).

Appellant claims the evidence was insufficient to prove that the subject checks were forged because the Commonwealth "never introduced a document with Mrs. Furey's handwriting that was authenticated by her for comparison with the alleged forged checks." Appellant's Brief at 9. However, Mrs. Furey specifically testified that she did not make out the

subject checks and testified that Appellant had access to the blank checks, the checks were made out to Appellant, and the checks were cashed by Appellant. Trial Court Opinion, 12/12/14, at 2. Additionally, Appellant herself offered into evidence a valid check signed by Mrs. Furey, check number 227, and the trial court "found that Checks 251 and 273 were markedly different from Check 227 in terms of handwriting, spelling, and style." *Id.* at 3. Appellant cites no authority that comparison evidence between disputed writings are required to prove one of those writings is a forgery or that such a comparison document must be offered by the Commonwealth as opposed to the defense, and we find none. Accordingly, we conclude Appellant's sufficiency challenge to her forgery conviction is meritless.[3]

Appellant, in challenging the sufficiency of the evidence supporting the bad checks charge, asserts "[t]here was no evidence that payment was refused by the drawee for lack of funds. The facts of this case do not make out the elements of bad checks." Appellant's Brief at 10. The statute provides as follows.

### § 4105. Bad checks

---

[3] As Appellant links her sufficiency challenge to the theft and receiving stolen property charges to her argument challenging the forgery charge, we conclude it is also meritless. *See* Appellant's Brief at 10. "If there is insufficient evidence to find Appellant guilty of forgery then the evidence must be insufficient to find Appellant guilty of theft and receiving stolen property …." *Id.*

**(a) Offense defined.--**

(1) A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

…

18 Pa.C.S.A. § 4105. Here, the trial court found that Appellant "pass[ed] two checks for the payment of money, knowing that the checks would not be honored by the drawee." Trial Court Opinion, 12/12/14, at 4. There is nothing in the statute that limits the reason a check may not be honored to there being insufficient funds. To the contrary, the fact a check is forged also serves as a ground to refuse to honor a check. Accordingly, we conclude the evidence was sufficient in this case to sustain Appellant's conviction for bad checks.

In light of the foregoing, we conclude that Appellant's issue challenging the sufficiency of the evidence underlying her convictions is waived and, alternatively, without merit. We therefore affirm the September 22, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2015