J-S79035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
           Appellee   :
  :
           v.   :
  :
JORDAN BAYLE   :
  :
           Appellant   :   No. 674 EDA 2017

Appeal from the Judgment of Sentence November 2, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002162-2016

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 19, 2017**

Appellant, Jordan Bayle, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his bench trial conviction for possession of a controlled substance with intent to deliver ("PWID").[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.[2]

Appellant raises the following issue for our review.

---

[1] 35 P.S. § 780-113(a)(16), (a)(30), respectively.

[2] Monday, February 20, 2017, was President's Day. In light of the holiday, Appellant timely filed his notice of appeal on Tuesday, February 21, 2017.

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DELIVER SINCE THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT, THAT APPELLANT ACTUALLY HAD THE INTENT OR INTENDED TO DELIVER THE MARIJUANA AT ISSUE HEREIN?

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John P. Capuzzi, Sr., we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 26, 2017, at 1-10) (finding: green leafy substance police officer recovered, from Appellant's person and car, tested positive for marijuana; Appellant's trial testimony confirmed he possessed marijuana that police officer recovered; expert testimony demonstrated Appellant possessed drugs with intent to deliver; at trial, Detective Kevin Rutherford, Jr., testified as expert witness in drug identification and drug sales; totality of circumstances of Appellant's arrest showed he possessed large bag of marijuana with intent to distribute; police recovered other items, including baggies with cut off corners, scale, and additional bag of marijuana found in Appellant's pocket; Detective Rutherford explained sandwich bag is common means of packaging marijuana and other drugs; Detective Rutherford stated users do not normally carry empty packaging materials or scales with them; Detective

Rutherford rebutted Appellant's testimony that he occasionally bought marijuana from different dealers; Detective Rutherford said frequent drug users usually buy from one dealer; Detective Rutherford also rebutted Appellant's testimony that he bought large amount of marijuana from dealer; Detective Rutherford explained most drug dealers would be suspicious of buyer of large amount of drugs because buyer might be undercover police officer; court found Detective Rutherford's testimony credible). Accordingly, we affirm based on the trial court's opinion.

Judgement of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/19/2017</u>

 

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | **CP-23-CR-2162-2016** |
| **V.** | |
| **JORDAN BAYLE** | |

A. Sheldon Kovach, Esquire, Deputy District Attorney, for the Commonwealth
Nicholena Iacuzio Rushton, Esquire, for the Appellant

## <u>O P I N I O N</u>

Capuzzi, J.                                                      Filed: 4/26/17

     This is an appeal from Appellant's judgment of sentence finalized on January 20, 2017,

after a non-jury trial. On appeal, Appellant contends that the evidence presented was insufficient

to find him guilty, specifically relating to testimony from law enforcement officers. For the

forthcoming reasons, Appellant's arguments are without merit and the judgment of sentence

should be affirmed.

## <u>Factual Basis</u>

     On February 12, 2016, at approximately 7:00 p.m., Officer Matthew T. Hughes was

working on patrol as a Glenolden Police Officer. [N.T. 10/3/16, p. 7]. After observing a traffic

violation, Officer Hughes pulled over a white Chevy Impala at the uniblock of North McDade

Boulevard in Glenolden, Delaware County, Pennsylvania. [N.T. 10/3/16, p. 8-9]. Upon

approaching the vehicle, Officer Hughes made contact with Jordan Bayle (hereinafter

"Appellant"), who was driving said vehicle. [N.T. 10/3/16, p. 8-9]. Officer Hughes immediately

smelled fresh marijuana when he approached Appellant's vehicle. [N.T. 10/3/16, p. 9]. Officer

Hughes had Appellant exit his vehicle and performed a pat-down for officer safety. [N.T.

1



10/3/16, p. 9]. Officer Hughes recovered a small bag of green leafy substance, recognized by the officer as marijuana, which had a smaller bag with three pills connected to it, from Appellant's person. [N.T. 10/3/16, p. 10]. Officer Hughes proceeded to place Appellant into custody. [N.T. 10/3/16, p. 10]. Upon Officer Hughes asking Defendant if he had anything else, Appellant responded that there was a large bag of marijuana in his glove compartment. [N.T. 10/3/16, p. 10]. Officer Hughes went to Appellant's glove compartment and retrieved a large bag of marijuana, a digital scale, a pair of scissors, and one small sandwich bag that had the corners cut off. [N.T. 10/3/16, p. 10-11]. Officer Hughes noted that the small sandwich bag with the cut corners matched the bag recovered from Appellant's pocket. [N.T. 10/3/16, p. 11]. Officer Hughes further described the sandwich bags as having corners appearing to be cut and then sealed back together by way of being knotted and then singed. [N.T. 10/3/16, p. 11].

When Officer Hughes returned to speak with Appellant, he advised Appellant that he found marijuana in the vehicle. [N.T. 10/3/16, p. 12]. Appellant told Officer Hughes that the marijuana was for personal use but that he sold from time to time. [N.T. 10/3/16, p. 12]. Two cell phones and $124 in US currency was also recovered from Appellant's person. [N.T. 10/3/16, p. 13]. Officer Hughes transported Appellant back to police headquarters. [N.T. 10/3/16, p. 14].

**Procedural History**

On February 12, 2016, Appellant was arrested for Possession with Intent to Deliver and other related charges. On October 3, 2016, a non-jury trial was held before this Court. The Commonwealth called Officer Matthew T. Hughes as its first witness, who testified to the facts set out above.

As its second witness, the Commonwealth called Detective Kevin Rutherford, Jr. The Commonwealth, seeking to qualify Detective Rutherford as an expert witness, had Detective

2

Rutherford, who is currently assigned to the Narcotics Task Force, describe his training and experience with narcotics. [N.T. 10/3/16, p. 35-36]. After this Court heard some of Detective Rutherford's qualifications, defense counsel stipulated to said qualifications. Accordingly, this Court qualified Detective Rutherford as an expert in drug identification and drug sales. [N.T. 10/3/16, p. 36]. Detective Rutherford testified that he has listened to the prior testimony of Officer Hughes, and had the opportunity to review the incident report, lab reports, and photographs in this case. [N.T. 10/3/16, p. 37]. Based on the totality of the circumstances, Detective Rutherford opined that the large bag of marijuana in this matter was possessed with the intent to distribute. [N.T. 10/3/16, p. 37]. Specifically, Detective Rutherford reached his opinion based on the baggies with the cut corners, the scale and the additional bag found in Appellant's pocket. [N.T. 10/3/16, p. 38]. Detective Rutherford stated that the cutting off the corners of the sandwich bag is a very common way of packing marijuana and other drugs, particularly when a heat source is used to seal it. [N.T. 10/3/16, p. 37]. Detective Rutherford further explained that users will not normally carry empty packaging materials or scales with them, because a user can tell what they are getting by looking at the bag, meaning they do not need to take exact measurements on a scale. [N.T. 10/3/16, p. 40].

The Commonwealth rested after the testimony of Detective Rutherford; prior to this the Commonwealth moved C-1, the lab report, into evidence.

Defense counsel for Appellant indicated that Appellant wished to testify as the only defense witness. [N.T. 10/3/16, p. 46]. Accordingly, this Court performed a colloquy of Appellant to ensure that he understood that under the Fifth Amendment of the United States Constitution, he has a right not to testify. [N.T. 10/3/16, p. 46-47]. After this Court found

3

Appellant's election to testify to be knowing, voluntary and intelligent, Appellant took the stand. [N.T. 10/3/16, p. 47].

Appellant testified that he is a 32 year old student at Delaware County Community College and resides in Collingdale, Pennsylvania. [N.T. 10/3/16, p. 47-48]. Appellant explained that on February 12, 2016, he was pulled over and that upon approaching Appellant, a police officer indicated that he had smelled marijuana. [N.T. 10/3/16, p. 49]. Appellant in turn told the police officer [Officer Hughes] that he had been smoking a little earlier that evening. [N.T. 10/3/16, p. 49]. Officer Hughes asked Appellant to step out of the car, and patted Appellant down. [N.T. 10/3/16, p. 49]. Appellant testified that Officer Hughes recovered a small bag of higher grade marijuana from his pocket along with three pills. [N.T. 10/3/16, p. 50]. Upon being asked if he had anything else on him, Appellant relayed that he had a bag of marijuana in his glove compartment. [N.T. 10/3/16, p. 50]. Officer Hughes asked Appellant if he had ever sold narcotics to which Appellant responded that he sold from time to time when he was younger. [N.T. 10/3/16, p. 50]. Appellant told Officer Hughes that the marijuana was for personal use and that he had made the purchase at the Highland Projects. [N.T. 10/3/16, p. 52]. Appellant explained that he drives through the projects, asks who is selling, and upon finding out this information, he buys from various people, whoever is selling marijuana at the time, further explaining that he does not know the dealers. [N.T. 10/3/16, p. 52-53]. Appellant testified that normally when he buys, he gets about an ounce a week, but because he had just received his tax return prior to this purchase, he purchased a larger amount than usual. [N.T. 10/3/16, p. 53]. Appellant further explained that the scale found in the car is his personal scale that he uses to weigh out marijuana before he rolls it out to smoke, and to make sure he does not get "burned"

4

by the drug dealers he buys it off of. [N.T. 10/3/16, p. 54]. Appellant testified that he is a heavy-user of marijuana and uses it to self-medicate. [N.T. 10/3/16, p. 55-56].

After Appellant testified, the Commonwealth called Detective Rutherford as a rebuttal witness. [N.T. 10/3/16, p. 71]. Detective Rutherford testified that he has made over 500 arrests in Delaware County, more specifically about 100 in the City of Chester. [N.T. 10/3/16, p. 72]. Detective Rutherford stated that he has been to the area of 9th and Highland where the Highland Projects are located. [N.T. 10/3/16, p. 72]. Detective Rutherford testified that he listened to the testimony of Appellant regarding how he makes purchases at the Highland Projects. [N.T. 10/3/16, p. 72-73]. Detective Rutherford explained that in his experience, once a buyer finds a drug dealer, they would get his phone number and go back to the same dealer from then on, especially when a person frequently uses marijuana. [N.T. 10/3/16, p. 73]. Detective Rutherford also testified that typically a person who drives by looking to purchase a large amount of marijuana like 3 ounces, would raise suspicion with drug dealers who may be concerned that the buyer is an undercover police officer. [N.T. 10/3/16, p. 73]. Detective Rutherford stated that as "corner buys" are riskier, most dealers either sell out of their cars or set up a meeting place to sell, and again that most dealers are not selling large quantities to strangers. [N.T. 10/3/16, p. 75].

Trial counsel for Appellant and the Commonwealth gave closing arguments respectively. After taking a brief recess to review the notes and evidence, this Court found Appellant Guilty of: Count 5: Possession with Intent to Deliver Controlled Substance[1], Counts 1 and 2: Possession of a Controlled Substance[2], Counts 3 and 4: Possession of Drug Paraphernalia[3], and Count 6:

---

[1] 35 § 780-113 §§A30
[2] 35 § 780-113 §§A16
[3] 35 § 780-113 §§A32

5

Duties at a Stop Sign[4]. Appellant was found Not Guilty of Count 7: Failure to Yield as Stop Sign[5].

On November 2, 2016, this Court sentenced Appellant as follows: Count 5: 3 years' probation, DNA Sample, $100 costs fee; Count 1 and 2 to merge with Count 5; Count 3: 1 year probation consecutive to Count 5; Count 4: 1 year probation consecutive to Count 3; and Count 6: No further penalty.

On November 10, 2016, Appellant filed a petition for post-trial relief, in which Appellant requested relief based upon the guilty verdict being against the weight of the evidence. On December 13, 2016, this Court scheduled a hearing on said motion; however, it was continued so that Appellant could get court transcripts and this Court gave leave to file an amended motion. This Court held a hearing on Appellant's motion on January 20, 2017 and denied said motion via signed Order.

On February 21, 2017, Appellant filed Notice of Appeal with the Superior Court. On February 28, 2017, this Court executed a concise statement Order which was submitted by Appellant on March 17, 2017.

## Discussion

### I.    SUFFICIENCY OF THE EVIDENCE

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Irvin*, 134 A. 3d 67, 75 (Pa. Super 2016). In applying that standard, an appellate court may not weigh the evidence and substitute its judgment for the fact-

---

[4] 75 § 3323 §§B
[5] 75 § 3323 §§C

6

finder. *Commonwealth v. Roberts*, 133 A. 3d 759, 767 (Pa. Super 2016). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* When considering the sufficiency of the evidence, an appellate court must evaluate the entire record and all evidence actually received must be considered. *Id.*

### a. This Court Did Not Err when Finding Appellant Guilty Beyond a Reasonable Doubt Based on the Evidence Presented and the Testimony of Officer Hughes and Detective Rutherford

In his concise statement of matters complained on appeal, Appellant avers that this Court erred in convicting him based on the Commonwealth's evidence and witness testimony. The Commonwealth's evidence in this matter was the lab report, along with testimony from Officer Hughes, the arresting officer, and Detective Rutherford, the expert witness. The fact finder while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. *Commonwealth v. Roberts*, 133 A. 3d. 759 (Pa. Super. 2016). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have found a different conclusion. It is within the lower court's province to pass on the credibility of witnesses and determine the weight to be given to their testimony. *Id.*

*Pennsylvania Rule of Evidence 702* deems that expert testimony must be beyond the knowledge possessed by layperson and assist the trier of fact to understand the evidence or determine a fact in issue. Moreover, expert testimony is important in cases where the other evidence alone does not establish that defendant possessed the drugs with the intent to deliver. *Commonwealth v. Baker*, 72 A.3d 652 (Pa. Super. 2013).

Here, as Appellant had a non-jury trial, this Court was fact-finder, meaning that it was in this Court's sole discretion to pass on the credibility of witnesses and weigh the evidence presented.

7

This Court had the opportunity to watch and listen to testimony from Officer Hughes, Detective Rutherford, and Appellant. This Court found the factual testimony of Officer Hughes to be credible. However, this case lends itself to needing expert testimony to make a proper determination for the crime of possession with intent to deliver, which is why Detective Rutherford's testimony was a crucial component.

First, it should be noted that the Commonwealth was prepared for Detective Rutherford to list and explain all of his training and experience that would be needed for this Court to consider him an expert witness. However, trial counsel for Appellant stipulated to Detective Rutherford's qualifications as to being admitted as an expert. This Court not only considered these qualifications, but also the narcotics experience that Detective Rutherford has in the specific geographical area of where the crime was committed. This Court found Detective Rutherford's explanations regarding the packaging of narcotics, the use of digital scales by sellers of drugs, and the differences between users and dealers, to be credible and thorough. Further, this Court found Detective Rutherford's rebuttal testimony to that of Appellant to be not only credible but useful in evaluating the totality of the circumstances.

This was not a possession with intent to deliver case based on amount of narcotics involved, but rather a totality of the circumstances matter. When evaluating all of the facts and circumstances, Appellant's side of the story was not plausible, thus this Court did not find his testimony to be credible. Appellant contended that he is just a heavy user and that because he had extra money on him from his tax return that he decided to buy more marijuana than usual. However, Detective Rutherford who is extremely familiar with drug dealers and buyers in the City of Chester showed this Court that there were many holes in Appellant's story. To highlight, for Appellant, who stated that he buys marijuana on a weekly basis, to be constantly using

8

different sellers who are complete strangers to him, is unheard of. Moreover, Detective Rutherford confirmed that is not how drug deals occur in Chester, specifically at the Highland Projects where Appellant claims he makes his purchases. Additionally, as someone who is so familiar with marijuana as he uses it on a daily basis, Appellant should be able to determine the amount just by looking at the bag, and thus, would not need to carry a scale with him. In light of all the facts presented, this Court found the testimony of both Officer Hughes and Detective Rutherford to be credible and thus determined to give more weight to their testimony than that of Appellant.

### b. Evidence is Sufficient to Support Appellant's Conviction for Possession with Intent to Deliver (PWID)

"When reviewing a challenge to the sufficiency of the evidence with regards to a PWID conviction, we are mindful that[t]he Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver." *Commonwealth v. Lee*, 956 A.2d 1024, 1028 ( Pa. Super. 2008). *See also* 35 Pa. Stat. Ann. § 780-113 §§ A30. The jury instruction for PWID further explains:

> In order for a person to be convicted of possession of a controlled substance with intent to deliver, the following four elements must be proved to you beyond a reasonable doubt. *First*, that the item is in fact a controlled substance; *Second*, that the item was possessed by the defendant; *Third*, that the defendant was aware of the item's presence and that the item in fact was the controlled substance charged; and *Fourth*, that the defendant possessed this item or these items with the specific intent, or goal, of delivering the item to another. If the Commonwealth has proved all of these elements beyond a reasonable doubt, then you should find the defendant guilty of this charge; if the Commonwealth has failed to prove at least one element beyond a reasonable doubt, then you must find the defendant not guilty. *Pa. Crim. Jury Instruction 16.01 (2016).*

9

First, marijuana is a controlled substance in the Commonwealth of Pennsylvania[6]. Further the green leafy substance recovered in this matter tested positive as marijuana. Appellant clearly possessed marijuana and was aware of its presence, as not only was it found on his person and in his vehicle, but Appellant agreed to this during his testimony; moreover, Appellant concedes to possession in his Concise Statement of Matters Complained. Finally, through the facts and circumstances at hand, there is sufficient evidence to prove that Appellant possessed said marijuana with the intent to deliver it. As outlined above, this was a case where expert testimony was needed to demonstrate that Appellant possessed the drugs with the intent to deliver. Finding the expert testimony to be credible, this Court considered it along with the other evidence presented in making its determination as to whether or not Appellant was guilty of PWID beyond a reasonable doubt. Based on the facts and testimony, this Court found that the Commonwealth did meet each and every element needed to establish PWID.

Both the quantity and the quality of the evidence presented by the Commonwealth justified the verdict. There is nothing in the record to support that the factfinder's verdict is so contrary to the evidence that it shocks ones sense of justice.

## CONCLUSION

For the above reasons, the Superior Court should affirm Appellant's judgment of sentence.

BY THE COURT:

JOHN P. CAPUZZI, SR.,        J.

---

[6] 28 Pa. Code § 25.72

10