J-S16019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ELIJAH GIBBS :
:
Appellant : No. 1022 MDA 2018

Appeal from the Judgment of Sentence Entered May 9, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004724-2017

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 09, 2019**

Elijah Gibbs (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of possession with intent to deliver a controlled substance (PWID), 35 P.S. § 780-113(a)(30). We affirm.

The record reflects that during the summer of 2017, Harrisburg Bureau of Police Detective Nicholas Ishman, with the assistance law enforcement colleagues and a confidential informant (CI), investigated the sale of crack cocaine. The CI purchased crack cocaine from Appellant on three occasions; thereafter, Detective Ishman applied for and received a warrant to search a residence identified as 1935 Whitehall Street. The search yielded "a large amount of cocaine, a handgun, drug paraphernalia, and I.D. card with [Appellant's name]; an Access card with [Appellant's name]; a photo with

[Appellant]; and [$1,300.00 in] U.S. currency." N.T., 3/14/18, at 64-65. Appellant was arrested and appeared for a bench trial on March 14, 2018.

The trial court rendered its guilty verdict following trial on March 14, 2018. On May 9, 2018, the trial court sentenced Appellant to 54 to 108 months of incarceration. Appellant filed a timely post-sentence motion which the trial court denied on May 22, 2018. Appellant filed a notice of appeal on June 20, 2018. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant presents two issues for our review:

WHETHER THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS GUILTY OF UNLAWFULLY POSSESSING A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER?

WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-SENTENCE MOTION WHERE THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE SO AS TO SHOCK THE SENSE OF JUSTICE WHERE THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT DID POSSESS A CONTROLLED SUBSTANCE?

Appellant's Brief at 4.

In his first issue, Appellant argues that the evidence was insufficient to support his conviction because "the Commonwealth failed to prove that Appellant had any connection to the 1935 Whitehall Street address in 2017." Appellant's Brief at 14. Appellant asserts that "there were multiple people living at the address . . . who also had access to the room [where the crack

cocaine was recovered] . . . and could have placed contraband in the room as well." *Id.* at 16.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016).

Instantly, the trial court convicted Appellant of PWID pursuant to 35 P.S. § 780-113(a)(30), which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act." 35 P.S. § 780–113(a)(30). A delivery means "the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780–102.

To sustain a conviction for PWID, "the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the

controlled substance." ***Commonwealth v. Lee***, 956 A.2d 1024, 1028 (Pa. Super. 2008) (citations omitted). It is well settled that "[i]n narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." ***Commonwealth v. Vargas***, 108 A.3d 858, 868 (Pa. Super. 2014) (*en banc*) (quotation and quotation marks omitted). In this case, the crack cocaine was not recovered from Appellant's person, such that the Commonwealth had to establish Appellant's constructive possession. ***Roberts***, 133 A.3d at 767.

Upon review, we are not persuaded by Appellant's sufficiency argument. Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and recognizing the trial court's province as fact-finder, we discern no error in the trial court's determination that "it is clear that [Appellant] possessed the controlled substance with intent to deliver." Trial Court Opinion, 10/17/18, at 6. The trial court acknowledged:

> [Appellant] took the stand and testified that he never possessed or sold any of the drugs in question. He stated that the only reason for him entering and exiting the house at 1935 Whitehall was because he kept many of his possessions there. He testified that he did not live there but went back and forth; he was staying at his girlfriend's house or other friends' houses as he did not have a permanent residence.

*Id.* at 5. However, the trial court rejected Appellant's testimony, and credited the testimony presented by the Commonwealth, reasoning:

> The testimony established that on three different dates [Appellant] engaged with the CI to set up a drug transaction in the area of 20th and Market Streets in Harrisburg. On these occasions, an exchange took place on David Alley, whereby the CI

> would meet [Appellant] with $75.00/$80.00 and would return from the alley with a corner tie of crack cocaine. Video surveillance was conducted by several law enforcement officers. The videos showed occasions where [Appellant] was leaving and returning to the Whitehall Street residence, showed [Appellant] walking on 20th Street, turning onto David Alley, and making a hand-to-hand exchange with the CI on David Alley. The items found in the home [Appellant] was seen entering and exiting establish a purpose to deliver. Four bags of crack cocaine, $1,300.00 in cash, a scale, and packaging materials are not consistent with mere personal use, and expert testimony revealed that the crack cocaine was possessed with intent to deliver. Clearly this is not a case where the evidence is so weak and inconclusive such as to warrant relief. On the contrary, the Commonwealth has plainly satisfied the elements of 35 P.S. § 780-113(a)(30).

*Id.* at 6. The trial court's rationale is supported by both the record and law. Thus, we find no merit to Appellant's first issue challenging the sufficiency of the evidence.

In his second issue, Appellant argues that the trial court erred in denying his post-sentence motion challenging the verdict based on the weight of the evidence. Appellant's Brief at 16. Similar to his sufficiency argument, Appellant asserts, "In this case, the verdict was so contrary to the weight of the evidence as to shock one's sense of justice, specifically where there was no evidence Appellant resided at 1935 Whitehall Street." *Id.* at 16-17. Appellant states that the three controlled buys "are red herrings," and "took place within a month of the search warrant being executed. However, all of the items found in the alleged residence of Appellant were over a year old." *Id.* at 17-18. This argument does not warrant relief.

We have explained:

The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

* * *

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts could have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

* * *

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Clay*, 619 Pa. 423, 64 A.3d 1049, 1054–55 (2013) (citations and quotation omitted). In order for an appellant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa.Super.2003) (citation omitted).

*Roberts*, 133 A.3d at 769–70.

Consistent with the foregoing, we find no error in the trial court's determination that Appellant's weight claim is "devoid of merit." Trial Court Opinion, 10/17/18, at 7. The trial court detailed the evidence presented at

trial, noted that it sat as the finder of fact, and "found the testimony of the Commonwealth's witnesses to be credible with respect to both possession and intent to deliver," and that "nothing in the verdict . . . shocks one's sense of justice." *Id.* Accordingly, Appellant's weight claim lacks merit

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2019