J-S54017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN FREDERICK FOX | : | |
| | : | |
| Appellant | : | No. 6 WDA 2018 |

Appeal from the Judgment of Sentence November 21, 2017
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000212-2017

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 02, 2018**

Steven Frederick Fox appeals from his judgment of sentence, entered in the Court of Common Pleas of Armstrong County, following his convictions for burglary[1] and criminal trespass.[2]  Fox challenges the sufficiency of the evidence.  Upon review, we affirm.

On January 3, 2017, the victim, James Cornman, and Fox were at a residence in Kittanning, Pennsylvania.  Fox left the residence prior to Cornman, who later also left the residence and went home.  Upon Cornman's arrival at his residence, he found a car in his driveway and, upon entering his home, he found items out of place and heard someone run down his basement steps.  When Fox emerged from Cornman's basement, a discussion ensued.

---

[1] 18 Pa.C.S.A. § 3502(a)(2).

[2] 18 Pa.C.S.A. § 3503(a)(1)(i).

Cornman later reported the incident to police on January 20, 2017. On the same day, Trooper Lizik asked Fox to come to the barracks and he noticed Fox's car was similar to that which Cornman had described. Fox claimed he never entered Cornman's home and had no contact with the victim, after leaving the residence in Kittanning, until three weeks later. **See** Appellant's Brief, at 4-5.

On October 12, 2017, a jury convicted Fox of one count each of burglary and criminal trespass. On November 21, 2017, the court sentenced him to a term of incarceration of 27 to 54 months for the burglary charge and no further penalty on the criminal trespass charge. Fox timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his Rule 1925(b) statement, Fox claimed: (1) that the verdict was contrary to the weight of the evidence due to the incredible nature of the victim's testimony, (2) that the verdict was contrary to the evidence for the same reason, and (3) that Defendant was improperly sentenced because the original criminal complaint filed in the magisterial district court charged Defendant with 'Felony-2 burglary,' and the criminal information filed by the Commonwealth charged Defendant with 'Felony-1 burglary.' The trial court addressed the issues and concluded that the claims had no merit. **See** Trial Court's 1925(a) Opinion, 1/25/18, at 1-2**.** This appeal followed.

On appeal, Fox raises the following issue: Whether the Defendant's conviction in this case should be vacated as not being supported by sufficient evidence. Appellant's Brief, at 3.

The standard of review of a challenge to the sufficiency of the evidence follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. Gibbs*, 981 A.2d 274, 280 (Pa. Super. 2009).

In challenging the sufficiency of the evidence supporting his conviction, Fox contends that the Commonwealth failed to meet its burden of proof because the testimony of the alleged victim, Cornman, should not be believed. Fox supports this assertion by citing to the time-period between the alleged crime and the police report. We conclude Fox is due no relief.

First, Fox waived his challenge to the sufficiency of the evidence claim because he failed to include it in his Rule 1925(b) statement.[3] Even if Fox had not waived his sufficiency claim, it would still fail on its merits because credibility goes to weight of the evidence. *See Commonwealth v. Wilson*, 825 A.2d 710, 713 (Pa. Super. 2003) (stating sufficiency of evidence review does not include credibility assessment); *see also Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (stating credibility determined

---

[3] *See* Pa.R.A.P. 1925(b)(4)(vii) (stating "[i]ssues not included in the Statement . . . are waived.").

by trier of fact and challenges to those determinations go to weight of evidence, not sufficiency).

Furthermore, even if we were to construe the issue as weight of the evidence, Fox waived the claim. Such a claim must be presented to the trial court while it exercises jurisdiction over a matter since "[a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). Pursuant to Rule 607(A) of the Rules of Criminal Procedure, to preserve a challenge to the weight of the evidence, the appellant must:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>   (1) orally, on the record, at any time before sentencing;
>
>   (2) by written motion at any time before sentencing; or
>
>   (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A). None of Fox's motions, filed prior to or after sentencing, asserts a challenge to the weight of the evidence. **See** Pa.R.Crim.P. 607, comment. Fox did not avail himself of any of the prescribed methods of presenting his weight claim to the trial court and, therefore, his claim has been waived. **See Commonwealth v. Burkett**, 830 A.2d 1034 (Pa. Super. 2003); **see also Commonwealth v. Griffin**, 65 A.3d 932 (Pa. Super. 2013) (claim challenging weight of evidence cannot be raised for first time in Rule 1925(b)

statement); ***Commonwealth v. Gillard***, 850 A.2d 1273 (Pa. Super. 2004) (same).[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2018

---

[4] We note that even had this issue not been waived, Fox would not be entitled to relief. The determination of credibility of witnesses is within the exclusive province of the factfinder, who is free to believe or disbelieve the testimony of any witnesses. ***Gibbs***, 981 A.2d at 282; ***Commonwealth v. Lee***, 956 A.2d 1024, 1029 (Pa. Super. 2008). Fox based his claim solely on the victim's credibility as a witness, which was a determination for the jury. The trial court did review the weight of the evidence and concluded that the verdict of the jury did not shock one's sense of justice. ***See*** Rule 1925(a) Trial Court Opinion, at 2-3). On independent review, we discern no basis on which to disturb the conclusion of the trial court.