J-A28012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :                 PENNSYLVANIA
                            :
              v.                 :
                            :
                            :
ERIK JOHN GUMMINGER          :
                            :
           Appellant        :    No. 3217 EDA 2023

Appeal from the Judgment of Sentence Entered July 25, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001428-2022

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED JANUARY 22, 2025**

Erik John Gumminger appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County following his convictions of possession with intent to deliver ("PWID") and possession of an instrument of crime ("PIC"). Gumminger challenges the admission of evidence and the sufficiency of the evidence. We affirm.

We discern the relevant factual and procedural history from the trial court's opinion and the certified record. From November 15, 2021, to December 5, 2021, Gumminger engaged in three controlled buys with two different confidential informants. These controlled buys were each observed by Officer Thomas Kesser of the Folcroft Police Department. For each controlled buy, Officer Kesser searched the confidential informants and discovered nothing on their person, and the confidential informants called Gumminger in the presence of Officer Kesser to arrange a drug transaction,

were provided US currency, were observed by Officer Kesser going into Gumminger's residence, and immediately returned to Officer Kesser's unmarked vehicle. After all three controlled buys Officer Kesser searched the confidential informants and recovered methamphetamine.

On December 14, 2021, members of the Delaware County Drug Task Force searched Gumminger's residence. During the search, Gumminger was placed into custody in the basement of the residence. Gumminger indicated that he had contraband in his room and provided the combination to a safe he had at his residence. From his room and safe the officers recovered firearm ammunition, a cell phone, zip lock bags containing methamphetamine, digital scales, a 50- and 100-gram metal weight, a 3D printer, and a 3D printing filament. Notably, the officers recovered 59 grams of methamphetamine from the safe in Gumminger's bedroom.[1] Also, in the basement, the officers recovered two firearms that did not have serial numbers.

Gumminger informed the officers that he had been shot prior to the search, so he was taken to the hospital to be evaluated. When Officer Kesser and other officers arrived at the hospital, Gumminger told Officer Kesser, "I should have killed you when you walked into the house." At trial, this statement was admitted into evidence over Gumminger's objection.

Initially, the criminal information charged Gumminger with 27 criminal counts. However, the Commonwealth withdrew all but two counts—one count

---

[1] 59 grams of methamphetamine has an estimated street value of $1,200-$1,400. *See* N.T., 5/4/23, at 30.

of PWID, 35 Pa.C.S.A. § 780-113(a)(30), and one count of PIC, 18 Pa.C.S.A. § 907(a). A jury trial was held from May 2, 2023, to May 4, 2023. Gumminger was found guilty of both counts.

On July 25, 2023, Gumminger was sentenced to an aggregate sentence of 48 months to 96 months of confinement followed by 36 months of probation. Gumminger timely filed a post-sentence motion challenging the weight of the evidence for both counts. The motion was denied by the trial court. Gumminger timely appealed. Gumminger filed a concise statement of matters complained of on appeal, and the trial court filed a 1925(a) opinion.

Gumminger raises the following issues.

1. Whether the lower court erred in permitting evidence that Mr. Gumminger made threatening comments to arresting officers, where he was not charged with such and this evidence was not probative of any relevant fact, in violation of the 6th and 14th Amendment to the U.S. Constitution, Article 1, §§6, 8, and 9 of the Pennsylvania Constitution, Pa. R.E., Rule 404(b)(1) and (b)(3), and Mr. Gumminger's fundamental right to the presumption of innocence at trial[.]

2. Whether the evidence was insufficient as a matter of law to support the conviction for [PWID] and [PIC], where the evidence at trial failed to establish that [Gumminger] possessed the intent to commit these offenses, in violation of 6th and 14th Amendment to the U.S. Constitution, Article 1, §§6, 8, and 9 of the Pennsylvania Constitution[.]

Appellant's Brief, at 4 (suggested answers omitted).

In his first issue, Gumminger argues that his threatening statement should not have been admitted because it had no probative value and was

highly prejudicial.[2] **See** Appellant's Brief, at 10-12. Additionally, Gumminger argues that this error was not harmless. **See id.** at 14-16.

The Commonwealth argues that Gumminger's threatening statement was properly admitted because it was not admitted to show bad character but rather demonstrated Gumminger's knowledge that he had firearms in his residence. **See** Commonwealth's Brief, at 8-9. The Commonwealth argues that although the statement does not explicitly mention a firearm it shows that Gumminger possessed the means to kill the officer. **See id.** at 10. Further, the Commonwealth argues that the lack of prejudice is demonstrated by the fact that Gumminger never requested a limiting instruction regarding the statement. **See id.** at 11. Additionally, the Commonwealth argues that any potential error was harmless. **See id.** at 12. We agree with the Commonwealth.

---

[2] In his "Statement of Questions Involved" section Gumminger asserts that the admission of this evidence not only violated Pa.R.E., 404(b)(1) and (b)(3), but also the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 6, 8, and 9 of the Pennsylvania Constitution. **See** Appellant's Brief, at 4. However, in his argument section Gumminger does not offer any analysis regarding his constitutional challenge. **See id.** at 10-14. It is well established that failure to develop an argument results in waiver. **See Commonwealth v. Armolt**, 294 A.3d 364, 377 (Pa. 2023) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for him.") (citations omitted); Pa.R.A.P. 2119(a). Therefore, Gumminger waived any constitutional challenge and we decline to address it.

Gumminger's argument concerns the admission of evidence under Pennsylvania Rule of Evidence 404(b).

> The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Ivy*, 146 A.3d 241, 250 (Pa. Super. 2016) (citation omitted). Pennsylvania Rule of Evidence 404(b) provides:

> **(b) Other Crimes, Wrongs, or Acts.**
>
> (1) *Prohibited Uses.* Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> (3) *Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable written notice in advance of trial so that the defendant has a fair opportunity to meet it, or during trial if the court excuses pretrial notice on good cause shown, of the specific nature, permitted use, and reasoning for the use of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b).

The list of permitted purposes under Rule 404(b)(2) is non-exclusive. *See Commonwealth v. Brown*, 52 A.3d 320, 325 (Pa. Super. 2012) (citation omitted). Our Supreme Court has recognized two principles "[t]o safeguard the boundaries between Rule 404(b)'s prohibition and its exceptions, . . . Bad

act evidence is admissible 1) if a logical connection exists between the bad act(s) and the crime charged, linking them for a purpose the defendant intended to accomplish, or 2) if the bad acts manifest a signature crime." ***Commonwealth v. Yale***, 249 A.3d 1001, 1015 (Pa. 2021) (citation omitted). Additionally, "'[u]nfair prejudice' means a tendency to suggest [a] decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403, cmt. However, "[e]vidence will not be prohibited merely because it is harmful to the defendant. Exclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision upon something other than the legal propositions relevant to the case." ***Commonwealth v. Knupp***, 290 A.3d 759, 776 (Pa. Super. 2023) (citation and brackets omitted).

Gumminger's statement demonstrated not merely that he had the intent to harm the officer, but also that he had the means to do it. This helped to further establish that the firearm found in the basement belonged to him. In other words, there is a logical connection between Gumminger's statement and his possession of the firearm. Although this statement might have been harmful to Gumminger, it was not so prejudicial as to inflame the jury. Therefore, the trial court did not abuse its discretion in allowing Gumminger's threatening statement to be admitted.[3]

---

[3] "When prior bad act evidence is admitted against a defendant to prove something aside from action in conformity therewith, the defendant is entitled
*(Footnote Continued Next Page)*

- 6 -

Moreover, although we find that the trial court appropriately admitted this evidence, we further agree with the trial court and the Commonwealth that any error in admitting Gumminger's threatening statement would have been harmless. "An error may be deemed harmless, *inter alia,* where the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." ***Commonwealth v. Moore***, 937 A.2d 1062, 1073 (Pa. 2007) (citation omitted). Here, the evidence for Gumminger's PIC conviction was overwhelming.

Gumminger's DNA was found on the firearm. ***See*** N.T., 5/3/23, at 115-18. The firearm was found in the basement where Gumminger was arrested. ***See id.*** at 78, 90-91, 102. Officer Kesser testified that during his observation of the first controlled buy he observed Gumminger at the lower level of the residence, which was near the area where the firearm was recovered. ***See id.*** at 66. Ammunition and magazines consistent with the firearm were found in Gumminger's bedroom. ***See id.*** at 88, 101-02. Also, the Commonwealth presented expert testimony that firearms are used in the business of drug trafficking for protection. ***See*** N.T., 5/4/23, at 37-40, 43. Therefore, Gumminger's argument is without merit.

---

to an appropriate limiting instruction." ***Commonwealth v. Henkel***, 938 A.2d 433, 444 (Pa. Super. 2007) (citation omitted). However, Gumminger never requested a limiting instruction. This further undermines his argument that he was unfairly prejudiced by his own statement.

In Gumminger's second issue he challenges the sufficiency of the evidence for both of his convictions. Regarding his PWID conviction, Gumminger argues the Commonwealth failed to establish he had the intent to deliver because the evidence merely demonstrated he was a chronic abuser of illicit drugs who lived with other adults who unlawfully distributed methamphetamine. *See* Appellant's Brief, at 17. In support of his argument, Gumminger asserts Officer Kesser never observed any drug exchanges, Officer Kesser failed to track the amount of money he gave to the confidential informants and the drugs they purchased, Officer Kesser did not conduct a forensic search of his phone, and when he was arrested, Gumminger only had $86 on him and in his room. *See id.* at 17-18. Gumminger's argument is without merit.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016) (citation omitted).

In evaluating a sufficiency challenge to a PWID conviction we note that

[t]he Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver.

In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substance. It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver.

Notably, if, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors.

*Commonwealth v. Lee*, 956 A.2d 1024, 1028 (Pa. Super. 2008) (citation, internal quotation marks omitted). "Factors that may be relevant in establishing that the drugs were possessed with the intent to deliver include the packaging, the form of the drug, and the behavior of the defendant." *Commonwealth v. Daniels*, 999 A.2d 590, 595 (Pa. Super. 2010) (citation omitted).

As the trial court pointed out, this case is nearly identical to *Commonwealth v. Heater*, 899 A.2d 1126 (Pa. Super. 2006). In *Heater*, the evidence to support the appellant's conviction of PWID marijuana included multiple controlled buys done by confidential informants, and evidence recovered during a search of the appellant's residence, which included various

safes that contained marijuana residue, large sums of cash, a scale, plastic baggies, and a paper with notations regarding sales and amounts paid. *See id.* at 1131-32.

Similarly, here, police conducted three controlled buys where the confidential informants purchased drugs from Gumminger. *See* N.T., 5/3/23, at 55-56. Officer Kesser observed the confidential informants make a phone call to Gumminger to set up a drug sale. *See id.* at 61-62. He then searched the confidential informants to ensure they had no money or drugs on them. *See id.* at 62. Then he provided the confidential informants money to complete the purchase. *See id.* He observed Gumminger at the back of the residence lead the confidential informants into the house. *See id.* Then after the confidential informant immediately returned to Officer Kesser, he searched them and recovered methamphetamine. *See id.* at 62-63.

Additionally, the evidence recovered during the search of the residence further supported that Gumminger possessed the intent to deliver. Officers found 59 grams of methamphetamine, with an estimated street value of $1,400, in Gumminger's room. *See* N.T., 5/3/23, at 86, 96; N.T., 5/4/23, at 30. Inside Gumminger's room and safe officers found drug packaging material such as 50- and 100-gram metal weights, scales, a small spoon, and numerous zip lock bags. *See* N.T., 5/3/23, at 86-88. In sum, this was sufficient evidence to conclude that Gumminger possessed methamphetamine with the intent to deliver. *See Heater*, 899 A.2d 1131-32. Therefore, Gumminger's argument challenging the PWID conviction is without merit.

Next, Gumminger purports to challenge the sufficiency of the evidence for his PIC conviction. ***See*** Appellant's Brief, at 17-18. However, he offers no argument regarding his PIC conviction.[4] ***See id.*** Gumminger's failure to develop this argument results in waiver. ***See Armolt***, 294 A.3d at 377; Pa.R.A.P. 2119(a). Regardless, Gumminger's challenge is without merit.

A person is guilty of PIC "if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). An "instrument of crime" includes "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d).

For the reasons stated in our harmless error analysis, *supra*, the Commonwealth presented sufficient evidence to support Gumminger's conviction for PIC.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[4] In his brief, Gumminger states he is challenging the sufficiency of the evidence for both convictions but then proceeds to only offer arguments relevant to his PWID conviction. ***See*** Appellant's Brief, at 17-18.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/22/2025